**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 86 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellant | : | Court at No. 2125 MDA 2014 dated |
| | : | 7/14/15, reconsideration denied 9/17/15 |
| | : | vacating and remanding the judgment of |
| v. | : | sentence of Schuylkill County Court of |
| | : | Common Pleas, Criminal Division, at |
| | : | No. CP-54-CR-0001840-2013 dated |
| | : | 11/24/14 |
| ANGEL ANTHONY RESTO, | : | |
| | : | |
| Appellee | : | ARGUED:  May 9, 2017 |

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

**CHIEF JUSTICE SAYLOR**                                       **DECIDED:  February 21, 2018**

In this appeal, the Court considers whether a mandatory minimum sentencing provision that does not require proof of any aggravating fact violates the Sixth Amendment per *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151 (2013).

At a jury trial, Appellee was convicted of, among other offenses, rape of a child. *See* 18 Pa.C.S. §3121(c).  At sentencing, the common pleas court implemented the mandatory minimum sentence for that offense per Section 9718(a)(3) of the Sentencing Code, which, in relevant part, prescribes as follows:

> A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. §3121(c) and (d)—not less than ten years.

18 Pa.C.S. §9718(a)(3).

On appeal, Appellee challenged the constitutional validity of his sentence under *Alleyne*, which disapproves judicial fact-finding related to "facts that increase mandatory minimum sentences." *Alleyne*, 570 U.S. at 116, 133 S. Ct. at 2163. In response, the Commonwealth repeatedly asserted that Section 9718(a)(3) does not run afoul of *Alleyne* because, on its plain terms, the statute simply does not require a judge to determine any facts. *See, e.g.*, Brief for Appellee in *Commonwealth v. Resto*, No. 2125 MDA 2014 (Pa. Super.), at 12 (explaining that "§9718(a)(3) does not require any additional fact to be found. It imposes a mandatory minimum sentence upon conviction of the enumerated crimes – plain and simple."). The Commonwealth distinguished other subsections of Section 9718 that had been found to be unconstitutional on the basis that those provisions did, in fact, delineate aggravating facts. *See, e.g.*, *id.* ("§9718(a)(1) requires a mandatory minimum sentence to be imposed where a person is convicted of one of the enumerated crimes *and* the victim is found to be less than 16 years of age. It is the requirement of this additional fact that . . . runs afoul of *Alleyne*." (emphasis in original)).

The Superior Court affirmed by way of a memorandum decision. *See Commonwealth v. Resto*, No. 2125 MDA 2014, *slip op.*, 2015 WL 6874976 (Pa. Super. July 14, 2015). The panel, however, did not address the Commonwealth's specific argument in its opinion. Rather, the panel observed that the intermediate court had "systematically been declaring unconstitutional Pennsylvania's mandatory minimum sentencing statutes that permit a trial court, rather than a jury, to make *the critical factual findings for sentencing*." *Id.* at 8-9, 2015 WL 6874976, at *5 (emphasis added) (citing *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2015), *Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa. Super. 2014), and *Commonwealth v. Cardwell*, 105 A.3d 748, 751 (Pa. Super. 2014)). Apparently assuming that there were facts to be

found under Section 9718(a)(3), the panel explained that Section 9718(c), which directs sentencing judges to assess aggravating facts delineated in Section 9718(a), had been found to be unconstitutional and non-severable. *See id.* at 9, 2015 WL 6874976, at *5 (citing *Commonwealth v. Wolfe*, 106 A.3d 800, 805 (Pa. Super. 2014), *aff'd*, 636 Pa. 37, 140 A.3d 651 (2016)).

We allowed appeal to consider the following issue as framed by the Commonwealth:

> Did the Pennsylvania Superior Court err in holding that the mandatory minimum sentence found in 42 Pa.C.S.A. § 9718(a)(3) [is] unconstitutional in light of *Alleyne v. United States* [570 U.S. 99], 133 S.Ct. 2151 (2013), despite that statutory provision calling for no facts to be found beyond simply being convicted of the enumerated offense?

*Commonwealth v. Resto*, 636 Pa. 462, 144 A.3d 93 (2016) (*per curiam*). Our review of this legal issue is plenary. *See, e.g.*, *Commonwealth v. Bullock*, 590 Pa. 480, 487, 913 A.2d 207, 212 (2006).

The Commonwealth maintains its central position that there are no aggravating facts to be found under Section 9718(a)(3), and therefore, *Alleyne* is inapposite. Appellee, for his part, analogizes Section 9718(a)(3) to Section 9718(a)(1), which was the subject of the *Wolfe* decision cited by the Superior Court. In this regard, Appellee treats a conviction for an offense triggering a mandatory minimum sentence as the equivalent of an aggravating fact. *See* Brief for Appellee at 1 ("In the *Wolfe* case itself the factor triggering the mandatory sentence was also contained as *an element* of the offense for which the jury convicted the defendant therein." (emphasis added)). Appellee also explains that this Court had found a proof-at-sentencing provision analogous to Section 9718(c) to be non-severable in *Commonwealth v. Hopkins*, 632 Pa. 36, 61-62, 117 A.3d 247, 262 (2015).

## I. Section 9718(a)(3), On Its Terms, Does Not Implicate *Alleyne*

The Commonwealth is correct that Section 9718(a)(3) of the Judicial Code is unlike the preceding subsection that was deemed unconstitutional in *Wolfe*, because subsection (a)(3) requires no proof of any predicate or aggravating facts. *Compare* 42 Pa.C.S. §9718(a)(3) ("A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows . . ."), *with id.* §9718(a)(1) (providing the same "*when the victim is less than 16 years of age*" (emphasis added)). As such, subsection (a)(3) simply cannot run afoul of a constitutional rule disapproving judicial fact-finding related to "facts that increase mandatory minimum sentences." *Alleyne*, 570 U.S. at 116, 133 S. Ct. at 2163.

Contrary to Appellee's position, a conviction returned by a jury to which a mandatory minimum sentence directly attaches is not the same as an aggravating fact that increases a mandatory minimum sentence. In any event, such a conviction is itself a contemporaneous jury determination, and the concern of *Alleyne* is with sentencing enhancements tied to facts to be determined by a judge at sentencing. *See id.* at 117, 133 S. Ct. at 2163-64.[1] While recognizing that Section 9718(c)'s prescription for "proof at sentencing" may be awkward and, indeed, superfluous relative to the mandatory minimum sentence imposed by Section 9718(a)(3) -- since no proof of any facts is required at sentencing under that provision -- such idiosyncrasy has nothing to do with *Alleyne*.

---

[1] This case does not concern *previous* convictions considered as aggravation at sentencing. Notably, under prevailing federal jurisprudence, such prior convictions are not treated as a type of fact implicating *Alleyne*. *See, e.g.*, *Commonwealth v. Bragg*, 133 A.3d 328, 332-33 (Pa. Super. 2016) (citing, indirectly, *Almendarez-Torres v. United States*, 523 U.S. 224, 243-47, 118 S. Ct. 1219, 1230-33 (1998)), *aff'd*, ___ Pa. ___, 169 A.3d 1024 (2017) (*per curiam*).

## II. Severability

Despite the conclusion that Section 9718(a)(3), in and of itself, does not implicate *Alleyne*, the issue of whether the statute is invalid under that decision is more complex, since other provisions of Section 9718 do offend the relevant constitutional norm. *See, e.g., Wolfe*, 636 Pa. at 51-56, 140 A.3d at 660-63 (analyzing Section 9718(a)(1) and concluding that the statute violates *Alleyne*). Accordingly, to the degree that the unconstitutional provisions would be deemed non-severable, Section 9718 as a whole would be void as a consequence of *Alleyne*.

Significantly, the remaining question is not whether Section 9718(c) should be severed, as has been the issue in other cases. In those cases, Section 9718(c) operated as an unconstitutional requirement for sentencing judges to determine the aggravating facts delineated in subsection (a)(1). *See id.* at 53-54, 140 A.3d at 661. However, as discussed above, subsection (c) does not function in this fashion in relation to Section 9718(a)(3), given that subsection (a)(3) does not require any aggravating facts to be found. Thus, the relevant concern here is whether the unconstitutional provisions of Section 9718 -- *i.e.*, those that do specify aggravating facts relative to other mandatory minimum sentences -- may be severed.

In this regard, these provisions, subsections (a)(1) and (a)(2), are presumptively severable. *See* 1 Pa.C.S. §1925 (prescribing, subject to enumerated exceptions, that "[t]he provisions of every statute shall be severable"). Severance should be withheld only if:

> (1) the valid provisions of the statute are so essentially and inseparably connected with the void provisions that it cannot be presumed that the legislature would have enacted the remaining valid provisions without the voided ones; or (2) the remaining valid provisions standing alone are incomplete and incapable of being executed in accord with the intent of the General Assembly.

*Hopkins*, 632 Pa. at 53, 117 A.3d at 257 (citing 1 Pa.C.S. §1925).

Here, the presumption of severability remains intact. Subsections (a)(1) and (a)(2) are not inseparably connected with subsection (a)(3); rather, each subsection prescribes a separate and independent array of mandatory minimum sentences.[2] Furthermore, the remaining valid provisions -- subsections (a)(3), (b), (c), (d), and (e) -- are in no way incomplete. Rather, together they reflect a discrete series of crimes implicating mandatory minimum sentences coupled with the entire implementing scheme designed by the Legislature.

### III. This Court's Decision in *Wolfe*

Although the above reasoning disposes of the issue presented on appeal, the Commonwealth also addresses language from this Court's decision in *Wolfe*, which this author wrote, disapproving of Section 9718 in its entirety. *See, e.g.*, *Wolfe*, 636 Pa. at 56, 140 A.3d at 663 ("[W]e . . . find that Section 9718 is irremediably unconstitutional on its face, non-severable, and void."). Notwithstanding this language, the Commonwealth contends that *Wolfe* should not be read to invalidate Section 9718 as a whole, because the decision concerned only Section 9718(a)(1), which, unlike subsection (a)(3), did premise the applicability of mandatory minimum sentences upon an aggravating fact.

I agree with the Commonwealth that some passages of *Wolfe* are written in overbroad terms to the degree that they disapprove Section 9718 as a whole, when the Court was not considering the materially distinct operation of subsection (a)(3).

---

[2] As previously noted, subsection (a)(1) delineates a series of offenses subject to sentencing enhancements "when the victim is less than 16 years of age." 18 Pa.C.S. §9718(a)(1). Subsection (a)(2) does the same relative to victims less than thirteen years of age. *See id.* §9718(a)(2). Subsection (a)(3) lists crimes subject to mandatory minimum sentences upon conviction without reference to a victim's age or any other circumstance. *See id.* §9718(a)(3).

Nevertheless, to prevent such loose language from establishing governing law, this Court employs the principle that the holding of a judicial decision is to be read against its facts. *See, e.g.*, *Oliver v. City of Pittsburgh*, 608 Pa. 386, 395, 11 A.3d 960, 966 (2011) (citing *Commonwealth v. McCann*, 503 Pa. 190, 195, 469 A.2d 126, 128 (1983)).[3] Accordingly, *Wolfe* does not prevent the recognition that a precept concerning aggravating facts does not apply to provisions of a statute requiring none. Moreover, even if the relevant references to Section 9718 as a whole were not *dictum*, the doctrine of *stare decisis* does not apply to pronouncements that are not adequately supported in reason. *See Mayhugh v. Coon*, 460 Pa. 128, 135-36, 331 A.2d 452, 456 (1975) ("The doctrine of stare decisis was never intended to be used as a principle to perpetuate erroneous principles of law."). Again, the legal analysis of *Wolfe* is directed to mandatory minimum sentencing provisions that prescribe aggravating facts. *See Wolfe*, 636 Pa. at 51-56, 140 A.3d at 660-63.

The passage from *Wolfe* quoted above should have said that Section 9718 was void *in the relevant respect*, or more precisely: "Section 9718[*(a)(1)*] is irremediably unconstitutional on its face, [Section 9718(c) is] non-severable, and [Section 9718(a)(1)

---

[3] This Court has previously referenced the following comments offered by the United States Court of Appeals for the Seventh Circuit:

> Judicial opinions are frequently drafted in haste, with imperfect foresight, and without due regard for the possibility that words or phrases or sentences may be taken out of context and treated as doctrines. We shouldn't like this done to our opinions and are therefore reluctant to do it to the opinions of other courts. No court, even a federal court in a diversity suit, is obliged to treat a dictum of another court (or, for that matter, its own dicta) as binding precedent.

*Maloney v. Valley Med. Facilities, Inc.*, 603 Pa. 399, 418, 984 A.2d 478, 490 (2009) (quoting *Northwestern Nat'l Ins. Co. v. Maggio*, 976 F.2d 320, 323 (7th Cir. 1992)).

is] void." *Id.* at 56, 140 A.3d at 663. This is, in fact, the only understanding that comports both with the issue accepted for review by the Court challenging only the constitutionality of a sentence under subsection (a)(1), *see Commonwealth v. Wolfe*, 632 Pa. 446, 121 A.3d 433 (2015) (*per curiam*), and the linchpin of *Wolfe*'s reasoning that the statute "must be treated as creating a 'distinct and aggravated crime,'" *Wolfe*, 636 Pa. at 53, 140 A.3d at 661 (quoting *Alleyne*, 570 U.S. at 116, 133 S. Ct. at 2163). I find it appropriate to render this acknowledgement and correction at this juncture.[4]

The order of the Superior Court is reversed, and the matter is remanded for reinstatement of the judgment of sentence.

Justice Todd files a concurring opinion in which Justice Dougherty joins.

Justice Dougherty files a concurring opinion in which Justice Todd joins.

Justice Baer files a dissenting opinion.

---

[4] According to the concurrences authored by Justices Todd and Dougherty, my acknowledgement that *Wolfe* was imprecise and overbroad relative to subsection (a)(3) somehow undermines *Wolfe*'s substantive analysis directed to subsection (a)(1). I reiterate, however, that *Wolfe* turned on the discrete interplay between subsection (a)(1)'s delineation of an aggravating fact and subsection (c)'s specifications that such fact "shall not be an element of the crime" and "shall be determined at sentencing," 42 Pa.C.S. §9718(c). *See Wolfe*, 636 Pa. at 52, 140 A.3d at 660-61. Although the concurrences rest on the proposition that these legislative commands can be ignored by the judiciary, that position was rejected on developed reasoning in *Wolfe*. *See id.* at 52-54 & n.5, 140 A.3d at 660-61 & n.5.

Responding to the concurrences' criticism that I have failed to adequately distinguish subsection (a)(3) from subsection (a)(1), I can only say, once again, that subsection (a)(3) does not delineate any aggravating facts such as are required, under subsection (c), to be determined by a sentencing judge. Accordingly, although *Wolfe*'s substantive analysis applies to subsection (a)(1) as much today as at the time the decision was rendered, the reasoning does not extend to subsection (a)(3).

Justice Mundy files a dissenting opinion.

Justices Donohue and Wecht did not participate in the consideration or decision of this case.