J-S74011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON EVANS | : | |
| | : | |
| Appellant | : | No. 1228 EDA 2018 |

Appeal from the PCRA Order April 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002396-2010

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 17, 2018**

Aaron Evans appeals from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §9541-9546. After careful review, we affirm.

In 2002 and 2009,[1] Evans committed sexual offenses against the minor victim, the granddaughter of Evans' then-girlfriend. The victim was nine years old in 2002, when Evans forcibly raped her at knifepoint, threatening that he would kill the victim, her sister, mother, and cousins if she told anyone about the incident.[2] Seven years later, in 2009, Evans cornered the victim in a

---

[1] During the 2009 incident, the victim fought back from her attacker, fracturing her wrist in the struggle.

[2] After raping the victim by penetrating her vagina, anus and mouth, Evans urinated on the victim.

bathroom, with his penis exposed, and attempted to rape her at knife point. When the victim refused, Evans threatened to rape the victim's one-year-old cousin.

On March 28, 2011, a jury convicted Evans of one count each of rape of a child under thirteen,[3] involuntary deviate sexual intercourse with a child under thirteen (IDSI/<13),[4] attempted rape, aggravated assault, and two counts each of endangering the welfare of a child, corrupting the morals of a minor, possessing an instrument of crime (PIC), and terroristic threats. At sentencing, the Commonwealth noted that a mandatory minimum sentence of 5-10 years of imprisonment applied to the rape of a child and IDSI/<13 convictions.[5] However, in its discretion, the court chose to sentence Evans above the mandatory minimum to two concurrent terms of 8½ to 17 years' imprisonment for the rape and IDSI/<13 convictions; the court imposed an aggregate term of 12½ to 25 years' incarceration.[6] Evans filed a timely direct

_____

[3] 18 Pa.C.S. § 3121(a)(6).

[4] 18 Pa.C.S. § 3123(a)(6).

[5] Evans was not deemed to be a sexually violent predator; however, he is required to register for the remainder of his lifetime under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.

[6] No further penalty was imposed on Evans' endangering the welfare of a child convictions. Moreover, Evans' terroristic threats convictions merged with his rape conviction for sentencing purposes. Finally, Evans' PIC sentence (2½ to 5 years' imprisonment) was ordered to run concurrent to his corruption conviction (2½ to 5 years' imprisonment) and other PIC conviction (2½ to 5

appeal asserting that the trial court improperly admitted "other acts"[7] evidence that was prohibited under Pa.R.E. 404; this Court affirmed his judgment of sentence. *Commonwealth v. Evans*, No. 2497 EDA 2012 (Pa. Super. filed Feb. 29, 2016) (unpublished memorandum decision). On July 19, 2016, the Pennsylvania Supreme Court denied Evans' petition for allowance of appeal. On May 27, 2016, Evans filed the instant PCRA petition *pro se*. Counsel was appointed and filed an amended petition on his behalf. On February 28, 2018, the trial court gave Evans Pa.R.Crim.P. 907 notice of its intent to dismiss his petition without a hearing. Evans did not file a response. On April 17, 2018, the court dismissed the petition. Evans filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

---

years); his corruption convictions were ordered to run concurrently to each other; his attempted rape sentence (1½ to 3 years' incarceration) was ordered to run concurrent to his aggravated assault conviction (1½ to 3 years' imprisonment); one of his corruption convictions was ordered to run consecutive to his aggravated assault conviction; and his aggravated assault conviction was ordered to run consecutive to his rape conviction.

[7] Specifically, the Commonwealth introduced notice, two months prior to trial, that that the victim's minor sister, K.B., would testify about Evans' inappropriate sexual contact with her in her grandmother's home when she, herself, was twelve years of age. The Court found that the "similarities between [Evans'] actions against the victim in this case, and his alleged behavior with the victim's sister, rendered the sister's proposed testimony not only relevant, but necessary to enable the Commonwealth to establish [Evans'] common plan, scheme, or design, and his *modus operandi*." *Commonwealth v. Evans*, No. 2497 EDA 2012, at 10.

On appeal, Evans presents one issue for our consideration: "Was counsel ineffective for failing to raise the issue of [Evans'] being subject to an illegal mandatory minimum sentence?" Appellant's Brief, at 9.

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

With respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. *Commonwealth v. Spotz*, 47 A.3d 63, 76 (Pa. 2012). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. *Id.* (citation omitted).

Evans claims that trial and appellate counsel were ineffective for failing to challenge his illegal mandatory minimum sentence under *Alleyne*.[8] Evans' claim is meritless; the trial court did not impose a mandatory minimum

---

[8] *Alleyne v. United States*, 570 U.S. 99 (2013) (holding facts that increase mandatory minimum sentence are elements of crime and are required to be found beyond reasonable doubt by fact finder).

sentence. **See** N.T. Sentencing, 7/27/12, at 32 (District Attorney acknowledges mandatory minimum for rape of child and IDSI/<13 is five to ten years' imprisonment)[9] **but see id.** at 49 (court stating that on rape of child and IDSI/<13, Evans sentenced "on each bill to eight and a half to seventeen years to run concurrent with each other."). Rather, at sentencing, the court imposed a higher sentence of 8½ to 17 years' imprisonment on each offense, acknowledging that Evans demonstrated "very predatory type behavior." **Id.** at 51. Thus, counsel cannot be deemed ineffective. **See Commonwealth v. Spotz**, 896 A.2d 1191 (Pa. 2006) (counsel not ineffective for failing to raise meritless objection).[10]

Order affirmed.

---

[9] The Commonwealth correctly noted that this was the mandatory minimum in effect at the time of the commission of the rape and IDSI/<13 in 2002. **See** 42 Pa.C.S. § 9718 (Amendment Notes) (noting 2006 amendment substituted minimum of "ten years" for "five years" in subsections (a)(1) and (a)(3)).

[10] We note that even if the trial court had sentenced Evans to the mandatory minimum sentence for rape of a child under section 9718(a)(3), it would not be deemed an illegal sentence under **Alleyne**. **See Commonwealth v. Resto**, 179 A.3d 18 (Pa. 2018) (plurality opinion) (conviction under section 9718(a)(3) returned by jury, to which mandatory minimum sentence directly attached, not same as aggravating fact that increased mandatory minimum sentence and violates Sixth Amendment rights under **Alleyne**). Moreover, because Evans was sentenced in 2012, counsel cannot be deemed ineffective for not objecting to a mandatory minimum sentence, as the **Alleyne** was not decided until one year later.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/18