J-S07036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY DAVID HALLIDAY, JR. | : | |
| | : | |
| Appellant | : | No. 426 MDA 2018 |

Appeal from the Judgment of Sentence February 8, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001384-2017

BEFORE:  OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:        **FILED: APRIL 29, 2019**

Ricky David Halliday (Halliday) appeals from the judgment of sentence of three to six years' incarceration imposed by the Court of Common Pleas of Luzerne County (trial court) following a guilty plea to 101 child pornography charges.  Halliday claims that his sentence illegally requires him to register as a sexual offender under Subchapter H of the Sexual Offender Registration and Notification Act (SORNA) as amended by Act 29 of 2018 (SORNA II).  Because the trial court is only obligated to inform a person who committed an enumerated offense that they are subject to SORNA II provisions, we remand to the trial court for clarification of its sentencing order but affirm the judgment of sentence in all other respects.

The facts are straightforward.  On December 30, 2016, the National Center for Missing and Exploited Children received a tip that Halliday was

_____
*  Retired Senior Judge assigned to the Superior Court.

J-S07036-19

uploading child pornography. Investigation revealed that Halliday possessed over 100 images and videos of multiple children performing sexual acts. Halliday entered into a negotiated guilty plea to 101 counts, each with an offense date of December 15, 2016. The trial judge imposed the agreed-upon period of incarceration[1] and over Halliday's objection, ordered him to register as a sexual offender. "The Court will direct that he register pursuant to SORNA [II] as a Tier II registrant for a period of 25 years[.]" N.T. Sentencing, 2/8/18, at 5.

Halliday filed this appeal contending that his sentence requiring registration was illegal because:[2]

_____

[1] Specifically, Halliday pleaded guilty to 100 counts of child pornography, 18 Pa.C.S. § 6312(d), and one count of disseminating child pornography, 18 Pa.C.S. § 6312(c). Halliday received identical sentences of one to two years' incarceration at all 101 counts, three of which were imposed consecutive to each other.

[2] Halliday sets forth this issue as:

Whether a sentence requiring the Appellant to register under SORNA or SORNA II is illegal in that it imposes a punishment, defined in [*Muniz*,] the imposition of which is not statutorily authorized under the Pennsylvania Sentencing Code (42 Pa.C.S.A. § 9721 *et seq.*)?

A. Does Subchapter H of Act 29 of 2018 remain punitive?

B. Does the imposition of the registration requirements under Subchapter H of Act 29 of 2018 violate the Separation of Powers Doctrine?

- 2 -

- Subchapter H of SORNA II remains punitive under our Supreme Court's analysis in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017);

- Because it remains punitive, only a trial court can impose the registration requirements under SORNA II;

- The trial court lacks statutory authority to impose SORNA II conditions as part of his sentence, making that condition illegal;

- The net result is that the Pennsylvania State Police (PSP) is the entity that is sentencing him to the punitive sanction of registration;

- PSP is an executive agency and cannot sentence him because it violates Separation of Powers principles;

- As a result, Halliday contends that he does not have to register under SORNA II.

Halliday's challenges implicate the legality of his sentence making our review *de novo*. **Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa. Super. 2017).

## I.

## A.

To properly address Halliday's argument, it is necessary to first discuss SORNA and the legislative response to our Supreme Court's decision in **Muniz**. SORNA, enacted December 20, 2011, is the fourth version of the body of laws commonly referred to as Megan's Law. SORNA built upon the registration requirements of previous versions by expanding the list of offenses requiring

---

Halliday's brief at 2.

registration, increasing registration periods, and grouping sexual offenders into one of three tiers based upon the underlying offense. 42 Pa.C.S. § 9799.14. SORNA imposes mandatory registration periods of 15 years, 25 years, or life, depending upon the tier. *Id*.

These requirements necessitated the development of a registry database and the responsibility for its creation and maintenance fell to the state police. 42 Pa.C.S. § 9799.16(a). The registry contains information provided by the sexual offender, 42 Pa.C.S. § 9799.16(b), as well as information supplied by the state police, including statutory text of the registrant's offense, his criminal history information, current photograph and other identifiers. 42 Pa.C.S. § 9799.16(c). SORNA also directs the state police to make information available on the internet, which the public can use to identify offenders living in particular geographic areas. The site can also be used to provide notifications if an offender moves into a particular geographic area. 42 Pa.C.S. § 9799.28. Depending on the offender's designated tier, appearance at an approved registration site is required on an annual, semi-annual or quarterly basis. Additionally, the offender must appear in-person within three business days of any changes to their information. 42 Pa.C.S. § 9799.15(g). Other requirements apply if offenders travel out of the country or become homeless. 42 Pa.C.S. § 9799.15(h)(1)(i). Failing to comply with these requirements subjects the offender to prosecution and incarceration.

When our Supreme Court decided **Muniz**, it "was a sea change in the longstanding law of this Commonwealth as it determined that the registration requirements under SORNA are not civil in nature but a criminal punishment." **Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa. Super. 2017).  In that case, Jose Muniz was convicted in 2007 of certain sexual offenses.  At the time of his scheduled sentencing, the law called for his registration as a sexual offender for a period of ten years.  Muniz absconded and was not apprehended for seven years.  During his absence, SORNA was enacted and required Muniz, among other obligations, to register for life.  Muniz argued the SORNA obligations were punitive and could not be applied retroactively.

After applying the factors set forth in **Kennedy v. Mendoza-Martinez**, 372 U.S. 144, 147 (1963),[3] our Supreme Court agreed that the provisions were punitive.  Once it decided SORNA was punitive, *ex post facto* clauses of

_____

[3] The **Mendoza–Martinez** factors are:  "[w]hether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment— retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned[.]"  **Mendoza–Martinez**, 372 U.S. at 168– 69 (footnotes omitted).

the United States Constitution and the Pennsylvania Constitution[4] bar retroactively punishing a citizen for conduct that predates the applicable laws.

To be clear, *Muniz* does not hold that SORNA is unconstitutional nor invalidates SORNA's registration requirements. It holds only that SORNA violates the *ex post facto* clause of the Pennsylvania Constitution when its provisions are applied retroactively. *See Commonwealth v. Hart*, 174 A.3d 660, 667 n.9 (Pa. Super. 2017).

### B.

In response to *Muniz*, the General Assembly enacted SORNA II.[5] That act effectively divides SORNA into two parts, with one set of obligations applicable to offenses committed on or after December 20, 2012 (Subchapter H), and the other applicable to offenders who were convicted of certain offenses on or after April 22, 1996, but before December 20, 2012 (Subchapter I). Subchapter I was designed to ensure that those required to retroactively register under SORNA—and therefore entitled to relief following

---

[4] Article I, Section 10 of the United States Constitution provides, in pertinent part: "No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." U.S. CONST., art. I, § 10. Article I, Section 17 of the Pennsylvania Constitution provides: "No ex post facto law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." PA. CONST., art. I, § 17.

[5] Act 29 of 2018, effective June 12, 2018, reenacted and amended Act 10 of 2018, which was effective February 21, 2018.

*Muniz*—will still have to do so. Because Halliday was convicted of offenses committed after December 20, 2012, Subchapter H applies and *ex post facto* principles have no application to his sentence.

## II.

This leads us to Halliday's argument that the trial court had no authority to impose the Subchapter H registration requirements as a component of his sentence. According to Halliday, that portion of his sentence is illegal as neither SORNA nor the general sentencing statute authorize that sentence. *See* 42 Pa.C.S. § 9721(a) (listing the sentencing options available to a judge, which does not include SORNA requirements). He contends that the inclusion of SORNA requirements as part of his sentence was invalid and must be vacated.

It is well-settled that a sentence imposed without statutory authorization is illegal. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Commonwealth v. Leverette*, 911 A.2d 998, 1001–02 (Pa. Super. 2006) (citations omitted).

Section 9721(a) of the Sentencing Code, which lists the type of sentences that can be imposed, does not include any authorization to impose SORNA requirements. Tellingly, SORNA itself does not give the trial court any authority to impose SORNA obligations as part of the sentence. The judge merely **informs** the offender that he or she has to register under SORNA. 42

Pa.C.S. § 9799.20. Moreover, the court's failure to do so is irrelevant: "Failure by the court to provide the information . . . to correctly inform . . . or to require a sexual offender to register shall not relieve the sexual offender from the requirements of this subchapter." 42 Pa.C.S. § 9799.23(b)(1). In fact, with limited exceptions, a court has "no authority to relieve a sexual offender from the duty to register . . . or to modify the requirements[.]" 42 Pa.C.S. § 9799.23(b)(2).

While a trial court has the obligation at sentencing to inform the person that he or she is subject to SORNA II requirements, the trial court cannot include that provision as part of sentencing because the General Assembly made clear that, by operation of law, for offenders convicted of the enumerated crimes, to register under SORNA as a civil collateral consequence of his or her crime.

Because those requirements are not part of his sentence, the trial court has no authority to impose compliance with SORNA in its sentencing order.[6] However, nothing prevents the trial court from memorializing in the sentencing order that the requisite notice was given. In this case, notwithstanding the directory nature of the reference to the sentencing, the trial court, who is presumed to know its obligations under the law, may have

---

[6] To be clear, while SORNA II registration requirements cannot be imposed as part of a sentence, offenders convicted of the enumerated crimes are required to register because its provisions are mandatory.

- 8 -

been merely memorializing that it was informing Halliday of his SORNA II obligations. If that were so, we would affirm the trial court sentence in all respects. If, however, the trial court intended to impose SORNA requirements as part of its sentence, we would reverse that portion of the sentence.[7] Even though we end up at the same place – that SORNA II registration requirements are not imposed as part of his sentence – because merely informing leads to an affirmance and one leads to a partial reversal, we are compelled to remand to the trial court for clarification so that we can properly dispose of this appeal.[8]

_____

[7] Halliday further contends that to the extent the trial court attempted to actually sentence him, that sentence was illegal because a sentencing court is required to conduct an individualized sentencing procedure. **See Commonwealth v. Luketic**, 162 A.3d 1149, 1163 (Pa. Super. 2017) (finding that court abused its discretion by failing to give consideration to the particular characteristics of the defendant). This is similar to the argument regarding mandatory minimums, which raises constitutional issues when the judge finds facts. **See Alleyne v. United States**, 570 U.S. 99 (2013). Here, the mandatory nature of the SORNA obligations follows the conviction of an enumerated crime. So even if the trial court was authorized or required to impose SORNA obligations as part of its sentence, no fact-finding was required in this case as the conviction itself sufficed. **Cf. Commonwealth v. Resto** 179 A.3d 18, 19 (Pa. 2018) (OAJC) (concluding that mandatory minimum sentence imposed as a result of being convicted of a particular offense did not violate **Alleyne**).

[8] As to Halliday's contention that because the "Muniz decision left no doubt that SORNA registration requirements constitute criminal punishment," the mandatory nature of the SORNA II obligations has effectively transferred sentencing from the judiciary to the PSP, part of the executive branch. Because only a judge can impose a criminal sentence under the separation of powers doctrine, Halliday contends that the registration scheme is unconstitutional.

That portion of Order dealing with SORNA II is remanded for clarification. Judgment of Sentence in all other respects is affirmed. Jurisdiction retained.

Judge McLaughlin files a concurring statement.

Judge Olson notes dissent.

_____

However, whether SORNA II is punitive or not, criminal or not, as well as PSP's role in SORNA II, cannot be decided here. The only matter before us is the propriety of the sentencing order. No matter whether the trial court decides that it imposed SORNA II registration requirements as part of the sentence or was merely memorializing those requirements, under either outcome, SORNA II requirements will not be part of his sentence which will end our inquiry because it resolves the appeal that is before us – the propriety of the sentence.

In any event, we cannot address whether PSP's role is unconstitutional because it should be brought before the Commonwealth Court in its original jurisdiction to challenge PSP's power to "impose" those conditions, not here on an appeal from a sentencing order where PSP, who is an indispensable party, is not a party to this proceeding.