J-A02022-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD A. HOLEWSKI, JR. | : | |
| | : | |
| Appellant | : | No. 788 WDA 2019 |

Appeal from the Judgment of Sentence Entered February 12, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000876-2018

BEFORE: SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                                    FILED MAY 08, 2020

Appellant, Richard A. Holewski, Jr., appeals from the judgment of
sentence entered on February 12, 2019, as made final by the denial of
post-trial motions on May 3, 2019, following his bench trial convictions for
three counts of rape by forcible compulsion, three counts of sexual assault,
and one count each of statutory sexual assault, aggravated indecent assault
of a child, corruption of minors, and indecent assault.[1]  Upon careful review,
we affirm.

We briefly summarize the facts and procedural history relevant to this
appeal as follows.  On January 17, 2018, the Commonwealth filed a criminal
complaint against Appellant, alleging that he engaged in escalating acts of
sexual misconduct with his biological niece over the course of 14 years.  The

_____

[1]  18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, 3122.1, 3125(b), 6301(a), and
3126(a)(1), respectively.

victim alleged that Appellant began this course of conduct by inappropriately touching her over her clothing when she was seven years old and sexually assaulting her, touching her breasts, and digitally penetrating her vagina, when she was 10 years old. The victim further alleged that Appellant raped her on three separate, specific occasions when she was 13, 20, and 21 years of age. Following a bench trial, on November 13, 2018, the trial court found Appellant guilty of all of the aforementioned crimes.

Important to this appeal, the Beaver County Adult Probation and Parole Department prepared a pre-sentence investigation (PSI) report prior to sentencing, which stated in pertinent part:

EMPLOYMENT:

\*          \*          \*

[Appellant] was at Day Automotive from July 2016 through November 2016 at the Chevy Store in Monroeville as a manager. He earned about $1,000[.00] per week plus bonuses.

[Appellant] was at Day Automotive from November 2016 through November 2018 at the Subaru Store in Pittsburgh. He earned about $1,000[.00] per week plus bonuses.

[Appellant] worked for Ron Lewis from May 2011 to July 2016 earning about $104,00[.00] per year.

\*          \*          \*

FINANCIAL SITUATION:

Assets:      [Appellant] transferred his home and car into his wife's name when he received these charges. He currently does not own anything.

Liabilities:  [Appellant] stated his credit cards and student loans have gone into default. He said he concentrated on p[lacing]

everything in his wife's name to keep her credit intact when he knew of his incarceration. He does not have any savings.

PSI Report, at *4-5 (unpaginated).[2]

On February 12, 2019, the trial court sentenced Appellant to an aggregate term of 16½ to 45 years of imprisonment.[3] Moreover, relevant to this appeal, the trial court also imposed a total of $2,400.00 in fines as an

_____

[2]   There are no page numbers or a preparation date on the PSI report.  It was prepared in anticipation of the sentencing hearing scheduled for February 12, 2019.  On February 11, 2019, the Beaver County Adult Probation amended the PSI report regarding matters not relevant instantly.  At sentencing, Appellant did not object to the PSI report's recitation of his employment history, income, or statements regarding his transfer of assets and financial default.  He did not object to the admission of the PSI report into the sentencing record.  N.T., 2/12/2019, at 23.  At a subsequent hearing on Appellant's post-sentence motions, the trial court asked the parties to review the PSI report, together with the supporting documentation, as presented at the time of sentencing to ensure accuracy. N.T., 4/25/2019, at 6-9.  Once the parties were certain that all of the documents relied upon by the trial court at sentencing were in order, the trial court sealed them for our review.  Id. at 9.  The Commonwealth attached the aforementioned documents to its appellate brief and Appellant has not objected to their authenticity.  Accordingly, we have relied upon the Commonwealth's submissions in issuing our decision.

[3] We note that, pursuant to 42 Pa.C.S.A. § 9718(a)(3), the trial court imposed a mandatory minimum sentence for Appellant's conviction for aggravated indecent assault of a child.  In an opinion announcing the judgment of the court, our Supreme Court in Commonwealth v. Resto, 179 A.3d 18, 19 (Pa. 2018) (OAJC) concluded that 42 Pa.C.S.A. § 9718(a)(3) is constitutional.  The Resto Court explained that once a jury convicts a defendant of an offense enumerated in Section 9718(a)(3), "no proof of any predicate or aggravating facts" is required.  Resto, 179 A.3d at 20.  Aggravated indecent assault of a child is one of the crimes specifically enumerated in Section 9718(a)(3). Accordingly, in this case, the sentencing court had authority to impose a mandatory minimum sentence under Section 9718(a)(3) without an additional jury determination.

additional sentence.  The Sentencing Code, pursuant to 42 Pa.C.S.A. § 9726

provides, in pertinent part:

*          *          *

(b) Fine as additional sentence.--The court may sentence the
defendant to pay a fine in addition to another sentence, either
involving total or partial confinement or probation, when:

*          *          *

(2) the court is of the opinion that a fine is specially adapted
to deterrence of the crime involved or to the correction of
the defendant.

(c) Exception.--The court shall not sentence a defendant to pay
a fine unless it appears of record that:

(1) the defendant is or will be able to pay the fine;  and

(2) the fine will not prevent the defendant from making
restitution or reparation to the victim of the crime.

(d) Financial resources.--In determining the amount and
method of payment of a fine, the court shall take into account the
financial resources of the defendant and the nature of the burden
that its payment will impose.

42 Pa.C.S.A. § 9726(b)-(d).

On February 22, 2019, Appellant filed a post-sentence motion.  The trial

court entered an order scheduling oral argument and granting Appellant

additional time to file a supplemental post-sentence motion.  On March 27,

2019, Appellant filed a supplemental post-sentence motion challenging, inter

alia, the imposition of fines pursuant to Section 9726.  The trial court heard

oral argument on Appellant's supplemental post-sentence motion on April 25,

2019.  On May 3, 2019, the trial court amended its sentencing order to allow

for potential prison visits between Appellant and his grandchildren, but denied relief in all other respects. This timely appeal resulted.[4]

In its Rule 1925(a) opinion, the trial court explained its rationale for imposing fines pursuant to Section 9726, as follows:

> To summarize, the evidence available to the [trial] court, including the [PSI] report which was admitted as evidence without objection, [] was expressly considered by the [trial] court, and [] indicated [Appellant's] successful employment history and available assets up to the point when he was criminally charged. The [trial] court expressly noted [Appellant's] employment history at the time of sentencing, as well as the [] gravity of the offenses committed by [Appellant]. The [trial] court further noted [Appellant's] exploitation of his familial relationship to the victim as a means of facilitating her sexual abuse and repeated victimization.
>
> The [trial] court [opines it] applied the sentencing guidelines, which expressly provide that a fine may be imposed in addition to any guideline sentence. [Appellant] touched [the victim's] intimate parts as a seven-year-old girl. He used his hands to penetrate her vagina when she was only ten years old. He forcibly raped her for the first time when she was only thirteen years old, and continued to forcibly rape her over the years and even into her early adulthood. The harm caused by the sexual abuse she suffered is ongoing and resulted in her need for therapy. Based upon these facts and circumstances, the [trial] court imposed [an] aggregate fine of $2,400[.00].
>
> [The trial court further found that] while [Appellant] may have transferred all of his assets to his family, the circumstances surrounding the transfer [were] suspect, and [Appellant's] preemptive transfer of assets should therefore not be permitted

_____

[4] Appellant filed a notice of appeal on May 28, 2019. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on May 29, 2019. Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 15, 2019.

to frustrate the imposition of [a] fine. Although [Appellant's] future earnings cannot be certain due to his present incarceration and the collateral consequence of his criminal record, [the trial court concluded] he does have future earning potential, as evidenced by his past employment and earnings.

*       *       *

In short, the [trial court determined the] record in this case was more than adequate to support the imposition of fines. [It claims] the fines imposed were appropriate, given the gravity of the offenses and considering [Appellant's] individual circumstances. The [trial] court stated on the record its findings and reasons for the sentence it imposed, expressly commenting on [Appellant's] previous successful employment. Because [it believed] the record contained an adequate basis for the imposition of fines, [the trial court opined] the fines imposed [] were not illegal. Because the [trial] court explained its findings and reasons for the sentence it imposed on the record at the time of sentencing, and those reasons adequately explain why fines were imposed in this case are justified, the [trial] court [also states it] did not abuse its discretion.

Trial Court Opinion, 7/15/2019, at 45-47 (record citations, superfluous capitalization, and original footnotes omitted).

Additionally, the trial court rejected Appellant's argument that, because he is incarcerated and has no assets, he does not have the ability to pay the fines. More specifically, the trial court opined that "if [it were] to apply [Appellant's] argument, then virtually no defendant who is incarcerated could be sentenced to pay a fine, even where that defendant was successfully employed in a high-paying career and was in the possession of valuable assets immediately prior to incarceration." Id. at 43. The trial court further noted that, without notice and a hearing to determine his ability to pay, funds cannot be deducted from Appellant's inmate account to pay toward fines while he is

incarcerated. Id. at 46. Likewise, Appellant cannot be punished subsequently for failing to pay the fines without notice and a hearing. Id. For all of these reasons, the trial court determined that the fines imposed were proper and that Appellant was not entitled to relief.

On appeal, Appellant presents the following issue[5] for our review:

> Did the sentencing court err when it ordered [Appellant] to pay a fine when statutory requirements were not satisfied?

Appellant's Brief at 9.

Appellant contends that "[b]ecause the requirements of Section 9726(b) were not satisfied, the fines are illegal and must be vacated." Id. at 17. More specifically, Appellant argues that "the record [] does not support a conclusion" that the trial court was of the opinion that the fines were specially adapted to the deterrence of crime involved or the correction of Appellant as required by 42 Pa.C.S.A. § 9726(b)(2).[6] Id. at 21. Appellant's main

_____

[5] Appellant raised additional issues in his Rule 1925(b) statement pertaining to: (1) the weight and sufficiency of the evidence supporting his conviction for aggravated indecent assault of a child; (2) an unrelated claim that the sentencing court made an unsubstantiated inference to his drug use and purportedly disregarded character evidence; and (3) the sentencing court failed to explain its reasons for imposing standard range sentences of incarceration. The trial court addressed those issues in its Rule 1925(a) opinion. Appellant, however, abandons those additional claims on appeal and we find them waived. Commonwealth v. Heggins, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.")

[6] Appellant concedes that he is not challenging the trial court's assessment regarding his ability to pay fines pursuant to 42 Pa.C.S.A. § 9726(c). See

contention is that the trial court failed to state its reasons for the imposition of fines at the time of sentencing.[7]  In sum, he argues:

> At sentencing, the [trial c]ourt made no comment that even remotely touched upon a special deterrence rationale or something specific related to this individual defendant and a monetary punishment.  Immediately before announcing the particulars of each sentence, the [trial c]ourt concluded that "confinement was necessary."  If there was a place to articulate something unique about this defendant vis-à-vis a fine, it, most likely, would have been stated there.  Nothing was said.  If not there, then after the announcement of each sentence would have been the place to address the fine and its uniqueness to this defendant and this case.  Again, nothing was said.  The sentencing transcript runs 49 pages.  The only reference to the word "fine" was during the pronouncement of each punishment.

Id. at 22 (citations to reproduced record and footnote omitted).  Finally, Appellant suggests that the trial court's subsequent opinion focused almost exclusively on, and relied upon legal authority interpreting, his ability to pay the fines.  Id. at 23-24.  Appellant concludes that the trial court's imposition of fines constituted an illegal sentence.  Id. at 18.

Initially, before addressing the merits of Appellant's claim, we note the following.  The sentencing court determined that Appellant raised a narrow legality of sentence claim based upon our decision in Commonwealth v.

_____

Appellant's Brief at 18 n.1.  Moreover, Appellant does not challenge the trial court's analysis pertaining to his ability to pay as the result of his incarceration.

[7] As will be discussed at length below, Appellant's characterization of his claim appears to blend legality and discretionary sentencing challenges.

Boyd, 73 A.3d 1269 (Pa. Super. 2013) (en banc).  Therein, an en banc panel of this Court considered, inter alia, whether Boyd's challenge to the imposition of fines under Section 9726 implicated the legality of his sentence or the trial court's discretionary authority.[8]  "Boyd argue[d] that the sentencing court lacked the authority to impose a fine without first determining, from evidence of record, that he had the ability to pay the fine." Boyd, 73 A.3d at 1271. Ultimately, the Boyd Court:

> note[d] the explicit language of the mandate contained in section 9726: "The court shall not sentence a defendant to pay a fine unless it appears of record that …" the defendant has the financial means to pay the fine and that the fine will not interfere with payment of restitution to a victim. 42 Pa.C.S.A. § 9726(c)(1). Based upon this language, a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories.  First, a defendant may claim that there was no record of the defendant's ability to pay before the sentencing court.   In the alternative, a defendant may claim that the sentencing court did not consider evidence of record.  Finally, a defendant may claim that the sentencing court failed to permit the defendant to supplement the record.
>
> After reviewing these categories, we conclude[d] that only the first type of claim qualifies as [a] non-waivable [legality of sentence claim] under [prior precedent from our Supreme Court].  Section 9726(c) requires that [evidence] be "of record" that the defendant can pay the fine.  Therefore, an argument that there was no evidence of the defendant's ability to pay constitutes a claim that the fine was imposed in direct contravention of a statute. Furthermore, a complete lack of evidence in the record would be apparent from the face of the record and would not require the application of reasoning or discretion on the part of the appellate court.  Accordingly, we conclude[d] [] that a claim raising the

_____

[8]   Boyd failed to file a post-sentence motion or object to the fine at sentencing and, therefore, did not preserve issues challenging the trial court's sentencing discretion.

complete absence of evidence of the defendant's ability to pay is not subject to waiver [because it implicates legality of sentence].

In contrast, [] other [] claims concerning the sentencing court's consideration of the defendant's ability to pay [] would require the application of discretionary reasoning to the record before the sentencing court. Section 9726(c) does not require the sentencing court to credit any specific testimony. Nor does it require that the sentencing court hold a hearing on the issue. So long as there is some evidence of record regarding the defendant's ability to pay, arguments over the scope and weighting of such evidence implicate the discretionary aspects of the sentence imposed.

Id. at 1273–1274.

Similarly, here, Appellant contends that there was no record evidence that the fines imposed were specially adapted to his deterrence or correction under 42 Pa.C.S.A. § 9726(b)(2), which in turn permitted the sentencing court to then determine his ability to pay under subsection(c). Appellant's Brief at 16 and 21-24. Although Boyd dealt specifically with ability to pay under subsection(c) of Section 9726, application of our Court's rationale in Boyd to subsection(b) is equally applicable herein. The absence of any evidence to support a fine under Section 9726(b) constitutes a claim that the fine was imposed without authorization and in direct contravention of a statute. Thus, we conclude that to the extent Appellant argues that there was no evidence to support the imposition of fines, he presents a challenge to the legality of the fines imposed. See Commonwealth v. Nava, 966 A.2d 630, 632 (Pa. Super. 2009) ("If no statutory authority for the sentence exists, the sentence is illegal[.]").

We further note, however, that our decision in Boyd also recounted:

there was an evidentiary basis for the trial court's imposition of [Boyd's] fines. The sentencing court had the benefit of a pre-sentence investigation ("PSI") report dated April 14, 2010. This PSI report contain[ed] significant information regarding Boyd's educational history, employment history, and existing assets. This information provided the sentencing court with an evidentiary basis upon which to impose a fine. Accordingly, we conclude[d] that Boyd's claim that the sentencing court violated section 9726(c)(1) [was] based upon a misrepresentation of the record, and no relief [was] warranted.

Boyd, 73 A.3d at 1274.

In the case sub judice, there is no dispute that the sentencing court had the benefit of the aforementioned PSI report when imposing fines. On appeal, Appellant fails entirely to acknowledge the existence of the PSI report in the record and the sentencing court's reliance upon the report in fashioning its sentence. N.T., 2/12/2019, at 37 (trial court "considered the pre-sentence report and its attached evaluations[.]"). Appellant does not suggest that the sentencing court misconstrued the information contained in the PSI report. Moreover, Appellant conceded that the facts contained in the PSI report were undisputed. See N.T., 4/25/2019 at 15. Upon our review, the PSI report contains unquestionable evidence that, despite having steady employment and earning approximately $1,000.00 per week, Appellant admittedly diverted his assets and intentionally defaulted on his credit obligations in anticipation of his impeding incarceration. The trial court determined that Appellant's actions could not be used as the basis to frustrate its ability to determine his ability to pay fines and, thus, the fines were necessary for Appellant's

correction.[9]   Hence, similar to our decision in Boyd, we conclude that the sentencing court in this matter had an evidentiary basis upon which to impose Appellant's fines and Appellant's legality of sentence claim rings hollow.[10]

Judgment of sentence affirmed.

_____

[9]   Moreover, the trial court referenced the gravity of the offenses, the ongoing harm to the victim and the victim's need for therapy, and Appellant's exploitations of his familial relationship with the victim in explaining the corrective nature of the fines.

[10]   Finally, we note that the portion of Appellant's claim wherein he contends that the trial court failed to state its reasons for the imposition of fines on the record at the time of sentencing implicates the trial court's discretion.  See e.g., Commonwealth v. Ventura, 975 A.2d 1128, 1133 (Pa Super. 2009) (claim that the trial court failed to state adequate reasons for the imposition of Ventura's sentence on the record implicates discretionary aspects of sentencing).  "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed."  Id., citing Pa.R.Crim.P. 720.   Moreover, to implicate our discretionary review, "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the [appellate] brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).  An appellant must also raise a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b)."  Moury, 992 A.2d at 170 (citation omitted).  Appellant did not raise a discretionary challenge to his sentence at sentencing, in his original or supplemental post-sentence motions, or in his appellate brief.  In fact, Appellant stresses in his brief that his objection to the fines imposed in this case constitutes a claim challenging the legality of his sentence.  See Appellant's Brief at 18.  Thus, Appellant has not preserved, and we shall not address, any claim purporting to challenge the discretionary aspects of Appellant's sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/08/2020</u>