J-S38041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ALAN MATTA | : | |
| | : | |
| Appellant | : | No. 1315 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 27, 2022,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0002096-2019.

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 6, 2023**

Jeffrey Alan Matta appeals from the judgment of sentence imposed after he pled guilty to multiple sex offenses.  Upon review, we vacate the judgment of sentence and remand for resentencing.

Briefly, this matter arises from the following facts.  Over a period of almost two (2) years, between approximately January 1, 2017, and November 30, 2018, Matta engaged in a sexual relationship with his 15-year-old stepdaughter, A.T., consisting of multiple sexual acts on multiple occasions. He continued to do so even after charges were filed against him.[1]

Additionally, while this case was being investigated, Matta pressured A.T. about what she should say to the detective and district attorney.  He

_____

[1] A separate criminal case was filed against Matta prior to the instant one. There, he pled guilty to corruption of minors and endangering the welfare of a child.  The court imposed an aggregate sentence of 1 to 3 years.

asked her what she said to them and told her to get her story straight. Matta was arrested and charged with numerous offenses.

On September 30, 2021, Matta entered an open guilty plea to six counts of involuntary deviate sexual intercourse ("IDSI") and one count each of intimidation of witnesses or victims, aggravated indecent assault, sexual abuse of children — photographing, videotaping, depicting on computer, or filming sexual acts, corruption of minors, and endangering the welfare of a child.[2]

On January 27, 2022, following a hearing, the trial court sentenced Matta to 10-20 years' incarceration for each count of IDSI to be served concurrently. Additionally, the court imposed the following sentences of incarceration: 5-10 years for aggravated indecent assault, 3-6 for intimidation of witnesses or victims, 1-2 years for sexual abuse of children, and 1-2 years for corruption of minors, all to run consecutive to the IDSI sentence and each other. Lastly, the court sentenced Matta to 1-2 years' incarceration for endangering the welfare of a child, to run concurrently with the sentence for corruption of minors. The aggregate sentence was 20 to 40 years'

---

[2] 18 Pa.C.S.A. §§ 3123(a)(7), 4952(a)(1), 3125(a)(8), 6312(b)(2), 6301(a)(1)(ii), and 4304(a)(1).

incarceration. Matta filed a post-sentence motion, which the trial court denied.

Matta filed this timely appeal. Matta and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Matta raises the following single issue for our review:

> Whether the trial court abused its discretion in sentencing [Matta] to a manifestly excessive and clearly unreasonable aggregate term of [40] years of imprisonment where it only considered the seriousness of the crimes and for one of the consecutive sentences it deviated above the aggravated range without an explanation?

Matta's Brief at 5. Matta challenges the discretionary aspects of his sentence.

In its brief, the Commonwealth concedes that Matta's sentence may be illegal. Commonwealth's Brief at 5-6. At the sentencing hearing, the Commonwealth mistakenly represented to the trial court that Matta's aggravated indecent assault conviction required a mandatory minimum sentence of 5 to 10 years. The mandatory minimum for this offense only applies to 18 Pa.C.S.A. sections 3125(a)(1)-(7), but Matta pled guilty to aggravated indecent assault under section 3125(a)(8). Because the trial court may have relied on the Commonwealth's inaccurate representation when imposing Matta's sentence, the Commonwealth recommends a remand for resentencing given that a mandatory sentence implicates the legality of a sentence. Commonwealth's Brief at 5-6.

Application of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory

limits. ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013). This Court may raise the issue of whether a sentence is illegal *sua sponte*. ***Commonwealth v. Edrington***, 780 A.2d 721 (Pa. Super. 2001). "Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is *de novo,* and our scope of review is plenary." ***Commonwealth v. Delvalle***, 74 A.3d 1081, 1087 (Pa. Super. 2013) (citations omitted).

The Pennsylvania Crimes Code defines the crime of aggravated indecent assault, in pertinent part, as follows:

§ 3125. Aggravated indecent assault.

**(a) Offenses defined.**—Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

* * *

(8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3125(a)(8).

The relevant portion of the sentencing statute, requiring the imposition of a mandatory minimum sentence for the crime of aggravated indecent assault, provides in relevant part as follows:

§ 9718. Sentences for offenses against infant persons.

(a) Mandatory sentence.

(1) A person convicted of the following offenses when the victim is less than 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

* * *

18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)—not less than five years.

18 Pa.C.S. § 3125(a)(7)--not less than five years.

42 Pa.C.S.A. § 9718(a)(1).  Thus, under the sentencing statute, a conviction of aggravated indecent assault pursuant to 18 Pa.C.S.A. section 3125(a)(1) carries a mandatory minimum sentence of not less than five years.  A conviction of aggravated indecent assault pursuant to 18 Pa.C.S.A. section 3125(a)(8) does not.

Our review of the record confirms that, at the sentencing hearing, the Commonwealth informed the trial court that the aggravated indecent assault conviction carried a mandatory minimum sentence of 5 years.  Further, the court imposed a 5-year minimum sentence.  The trial court indicated in its Rule 1925 opinion that it imposed a sentence above the aggravated range and that the sentence was not unreasonable.  However, for the aggravated indecent assault conviction, the court did not indicate at the sentencing hearing whether it was imposing the mandatory minimum requested by the Commonwealth or setting the sentence in its discretion.[3]  Consequently, to

_____

[3] Notably, on appeal, Matta claims that his sentence for aggravated indecent assault was above the aggravated range, but the court failed to set forth its
*(Footnote Continued Next Page)*

ascertain the court's intent when it imposed Matta's sentence for aggravated indecent assault and to ensure the legality of the sentence.

Additionally, we observe that the trial court imposed a mandatory minimum sentence for Matta's IDSI convictions. At the time that Matta committed his IDSI crimes, section 9718 of the Sentencing Code directed courts to impose a mandatory minimum 10-year sentence upon an individual convicted of committing IDSI on a child under 16 years of age. 42 Pa.C.S.A. § 9718(a)(1). In section 9718(c), the legislature directed the sentencing court to determine "[t]he applicability of this section," *i.e.*, whether the victim was less than 16 years old at the time of the offense. However, in ***Alleyne v. United States,*** 570 U.S. 99 (2013), the United States Supreme Court held "that any fact which, by law, increases the mandatory minimum sentence for a crime must be: (1) treated as an element of the offense, as opposed to a sentencing factor; (2) submitted to the jury; and (3) found beyond a

---

reason(s) for deviating from the guidelines as required. Matta's Brief at 13-15. Additionally, he claims that the 40-year sentence, consisting of multiple consecutive sentences, was manifestly excessive as it amounts essentially to a life sentence and is too severe a punishment for the individual circumstances of this case. Matta also asserts that in sentencing him, the trial court focused on the seriousness of the crime and failed to consider the other relevant factors, in particular his rehabilitative needs. Matta's Brief at 13-15.

While we would conclude that Matta has raised substantial questions regarding the discretionary aspects of his sentence under the circumstances of this case which would allow us to review the merits of his claims, we need not do so given our disposition herein. At resentencing, the trial court will have the opportunity to address these alleged errors.

reasonable doubt." ***Commonwealth v. DiMatteo***, 177 A.3d 182, 184 (Pa. 2018) (citing ***Alleyne***, 570 U.S. at 115-16).

As a result of ***Alleyne***, our Supreme Court found 42 Pa.C.S.A. § 9718(a)(1) to be unconstitutional and section 9718(c) non-severable. ***Wolfe***, 140 A.3d at 663. Consequently, the trial court lacked the authority to impose the mandatory minimum sentences for IDSI.[4]

Therefore, we vacate Matta's sentence in its entirety and remand this matter to the trial court for resentencing.

Judgment of sentence vacated. Matter remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2023

---

[4] In an Opinion Announcing the Judgment of the Court ("OAJC"), our Supreme Court emphasized that "the legal analysis of ***Wolfe*** is directed to mandatory minimum sentencing provisions that prescribe aggravating facts, and opined that ***Wolfe*** "should have said . . . more precisely [that] 'Section 9718*(a)(1)* is irremediably unconstitutional on its face, Section 9718(c) is non-severable, and Section 9718(a)(1) is void.'" ***Commonwealth v. Resto***, 179 A.3d 18, 22 (Pa. 2018) (OAJC) (citation omitted; italics in original; some brackets omitted).