J. S62031/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :              PENNSYLVANIA
                    v.                   :

MARC ANDREW BARGER, SR.,      :         No. 666 WDA 2019
                                            :
                Appellant       :

Appeal from the PCRA Order Entered March 28, 2019,
in the Court of Common Pleas of Westmoreland County
Criminal Division at No. CP-65-CR-0001296-2008

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       FILED DECEMBER 31, 2019

Marc Andrew Barger, Sr., appeals pro se from the March 28, 2019 order

entered by the Court of Common Pleas of Westmoreland County denying his

second petition for relief under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On October 8, 2010, a jury convicted appellant of two counts of

involuntary deviate sexual intercourse ("IDSI")–person less than 16 years of

age and one count each of rape–forcible compulsion, sexual assault, statutory

sexual assault, indecent assault–person less than 13 years of age, indecent

assault–person less than 16 years of age, attempted rape–forcible

compulsion, endangering the welfare of a child, and incest.[1]  The trial court

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 3121(a)(1), 3124.1, 3122.1, 3126(a)(7), 3126(a)(8), 901(a), 4304(a)(1), and 4302, respectively.

sentenced appellant to an aggregate term of 30-60 years' imprisonment on March 4, 2011. Appellant's judgment of sentence reflected mandatory minimum sentences for his convictions of IDSI—person less than 16 years of age and rape—forcible compulsion pursuant to 42 Pa.C.S.A. § 9718(a)(1). On October 22, 2012, a previous panel of this court affirmed appellant's judgment of sentence. See Commonwealth v. Barger, 62 A.3d 463 (Pa.Super. 2012) (unpublished memorandum). Our supreme court denied appellant's petition for allowance of appeal on April 9, 2013. See Commonwealth v. Barger, 65 A.3d 412 (Pa. 2013). Appellant did not file a petition for writ of certiorari with the Supreme Court of the United States.

Appellant filed a timely pro se petition pursuant to the PCRA on June 21, 2013, wherein he alleged that his trial counsel rendered ineffective assistance. The PCRA court appointed Brian D. Aston, Esq., to represent appellant, and Attorney Aston subsequently filed a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). The PCRA court denied appellant's petition on December 18, 2014. Appellant did not appeal the PCRA court's denial of relief.

On January 17, 2019, appellant filed a second pro se PCRA petition. Appellant then filed an amended second pro se petition on January 31, 2019. On February 2, 2019, the PCRA court appointed Adam R. Gorzelsky, Esq., to represent appellant. Attorney Gorzelsky filed a Turner/Finley no-merit letter

on February 26, 2019. The PCRA court entered a notice of intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 with an opinion on February 28, 2019. Appellant filed a response to the PCRA court's notice on March 20, 2019. On March 28, 2019, the PCRA court entered an order dismissing appellant's PCRA petition without a hearing and granted Attorney Gorzelsky's petition to withdraw.

On April 29, 2019, appellant filed a timely pro se notice of appeal.[2] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 15, 2019, in lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court entered a decree in which it incorporated its February 28, 2019 opinion.

Appellant raises the following issues for our review:[3]

> [1.] Whether the [PCRA c]ourt erred when it held that it was without jurisdiction to assess the validity of the amended PCRA petition because it is untimely[?]
>
> [2.] Whether the PCRA [c]ourt erred when it held that: [a]ppellant failed to meet any of the timeliness exceptions provided in [42 Pa.C.S.A. §] 9543(b)(1)(i)[,] (ii) or (iii), even though the right established in Commonwealth v. Resto, 179 A.3d 18, 21-24 (Pa. 2018) [(plurality)], may be held to apply retroactively through

---

[2] The final day for appellant to timely file a notice of appeal, April 27, 2019, fell on a Saturday. See Pa.R.A.P. 903(a). Accordingly, because appellant filed his notice of appeal on the next business day, April 29, 2019, it is timely filed. 1 Pa.C.S.A. § 1908.

[3] For ease of discussion, we have re-ordered appellant's issues on appeal.

> multiple holdings as permitted by *Tyler v. Cain,*
> 533 U.S. 656 (2001)[?]

> [3.] Whether appointed counsel Brian D. Aston Esq. was ineffective in representing [a]ppellant in his first PCRA petition, when his Finley letter ignored *Alleyne v. United States,* 570 U.S. 99 ([2013]), that had been decided before [a]ppellant's conviction became final[?]

> [4.] Whether appointed counsel Adam R. Gorzelsky Esq. was ineffective for filing a "no merit letter[,"] when representing [a]ppellant in his second PCRA petition[?]

Appellant's brief at 1-2.

In his first two issues, appellant contends that the PCRA court erred when it determined that it did not have jurisdiction to consider the merits of appellant's PCRA petition. (See *id.* at 9-14.) The PCRA requires that any petition for collateral relief be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Commonwealth v. Callahan,* 101 A.3d 118, 122 (Pa.Super. 2014), quoting 42 Pa.C.S.A. § 9545(b)(3).

Here, appellant's judgment of sentence became final on July 8, 2013, following the conclusion of the period in which appellant could have filed a petition for a writ of certiorari with the Supreme Court of the United States. See U.S. Sup. Ct. R. 13. Appellant filed the instant PCRA petition on

January 17, 2019–over five years after his judgment of sentence became final and over four years after a PCRA petition could be considered timely. See 42 Pa.C.S.A. § 9545(b)(1). Accordingly, appellant's petition is facially untimely.

A petitioner may only file a PCRA petition beyond one year of the date the judgment of sentence becomes final if:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." Commonwealth v. Fahy, [] 737 A.2d 214, 222 ([Pa.] 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." Id. "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Commonwealth v. Perrin, 947 A.2d 1284, 1285 (Pa.Super. 2008).

Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa.Super. 2011), appeal denied, 47 A.3d 845 (Pa. 2012). In cases in which a petitioner is claiming an exception to the PCRA time-bar, the petition must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he is entitled to relief because he filed the instant PCRA petition within one year of our supreme court's decision in Resto. (Appellant's brief at 9.) Specifically, appellant contends that Resto establishes the "right not to be sentenced under the mandatory minimum sentences required by [42 Pa.C.S.A. §] 9718(a)(1),[4] since [Section] 9718(a)(1) is irremediably unconstitutional on its face, Section 9718(c) is non-severable, and Section 9718(a)(1) is void[.]" (Appellant's brief at 9, citing Resto, 179 A.3d at 23.)

We find that Resto does not provide appellant an avenue of relief. In Resto, our supreme court, in a 3-2 decision,[5] reviewed the defendant's judgment of sentence following his conviction of rape of a child,[6] which incorporated a mandatory minimum term of imprisonment pursuant to

---

[4] Section 9718(a)(1) set forth mandatory minimum prison sentences for individuals convicted of certain offenses, including rape and IDSI, when the victim is less than 16 years of age. 42 Pa.C.S.A. § 9718(a); see also Commonwealth v. Wolfe, 140 A.3d 651, 663 (Pa. 2016) (declaring Section 9718 "irremediably unconstitutional on its face, non-severable, and void").

[5] Justices Donohue and Wecht did not participate in the consideration or decision in Resto.

[6] 18 Pa.C.S.A. § 3121(c).

42 Pa.C.S.A. § 9718(a)(3).[7]   Resto, 179 A.3d at 19.   Resto held that a conviction by a jury to which a mandatory minimum attaches is not the same as an aggravating fact determined at sentencing that increases a mandatory minimum.  Id. at 22.  Therefore, Alleyne[8] is not implicated.

Accordingly, appellant has failed to prove an enumerated exception to the PCRA time-bar, and we do not have jurisdiction to consider the merits of appellant's first two issues on appeal.

In his third and fourth issues, appellant alleges ineffective assistance of counsel during the litigation of his first PCRA petition and ineffective assistance of counsel during the litigation of the instant PCRA petition.  (Appellant's brief at 7-8.)  Because no exception to the PCRA time-bar applies for ineffective assistance of counsel, we do not have jurisdiction to consider the merits of appellant's third and fourth issues.  See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Order affirmed.

---

[7] Section 9718(a)(3) set forth a mandatory ten-year minimum sentence for a person convicted of, inter alia, rape of a child.  42 Pa.C.S.A. § 9718(a)(3).

[8] In Alleyne, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  Alleyne, 570 U.S. at 103 (citations omitted).

J. S62031/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2019