J-S74022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS LIPANI | : | |
| | : | |
| Appellant | : | No. 1620 EDA 2019 |

Appeal from the PCRA Order Entered May 1, 2019
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000261-1996

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 14, 2020**

Thomas Lipani (Appellant) appeals *pro se* from the order dismissing his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury convicted Appellant of a multitude of sex crimes on October 7, 1998, and the trial court sentenced him to 19 to 38 years in prison on April 22, 1999. Appellant appealed to both the Pennsylvania Superior Court and Pennsylvania Supreme Court, ***see Commonwealth v. Lipani***, 2851 EDA 1999 (Pa. Super. May 15, 2000) (unpublished memorandum), ***appeal denied***, 407 MDA 2000 (Nov. 14, 2000), but did not seek further review; thus, his judgment of sentence became final on February 12, 2001. It is undisputed that the underlying PCRA petition is untimely.

_____

[*] Former Justice specially assigned to the Superior Court.

On appeal, Appellant raises three issues:

1. Whether the PCRA Court erred when it held the claims in the December 1, 2016 Petition are previously litigated when the denial of the PCRA Court was never appealed to the Pennsylvania Superior Court.

2. Whether the PCRA Court erred when it denied Appellant's PCRA petition because the Pennsylvania Supreme Court has never specifically held that *Commonwealth v. Resto*, 179 A.3d 18 (Pa. 2018) was retroactive, when *Tyler v. Cain*, 533 U.S. 652 (2001) holds multiple holdings can render a new rule retroactive if the holdings in those cases necessarily dictate retroactively.

3. Whether *Resto* held that Sec. 9718(a)(1) was unconstitutional.

Appellant's Brief at 2.

In reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. *See Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Id.* "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

Further, Pennsylvania law is unequivocal that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837

A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[1] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply

_____

[1] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. Previously, a petitioner had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. Section 3 of Act 2018 provides that the amendment to subsection (b)(2) "shall apply only to claims arising one year before the effective date . . . or thereafter." *Id.*

do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006)).

It is undisputed that Appellant filed the underlying PCRA petition on January 28, 2019 and it is untimely.[2]  "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'"  **Monaco**, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).  We are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1).  **See Derrickson**, 923 A.2d at 468.

Appellant argues that his claim qualifies under the newly-recognized constitutional right exception to the time bar set forth in 42 Pa.C.S.A. § 9545(b)(1)(iii).  **See generally** Appellant's PCRA Petition, 1/28/19, at 4-13; Appellant's Brief at 3-14.  The essence of Appellant's argument is that his sentence is illegal under **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151 (2013).  As the PCRA court noted, Appellant made this argument — unsuccessfully — in a prior PCRA petition.  **See** PCRA Court Opinion, 8/2/19,

---

[2] The PCRA court explained that Appellant "filed five separate petitions for collateral relief pursuant to the [PCRA]:  on November 2, 2001, March 27, 2009, February 4, 2010, December 1, 2016, and the instant pro se petition filed on January 28, 2019.  All four of [Appellant's] previously filed PCRA petitions were denied."  PCRA Court Opinion, 8/2/19, at 3.

at 4. However, in the underlying petition, Appellant makes the same argument based on the Pennsylvania Supreme Court's more recent decision in *Commonwealth v. Resto*, 179 A.3d 18 (Pa. 2018). Appellant's reliance on *Resto* is unavailing because that case is not at all applicable. For example, *Resto* involves the Commonwealth's successful appeal from this Court's decision regarding the defendant's direct appeal from his judgment of sentence; that is, *Resto* was not favorable to the defendant, and does not involve post-conviction collateral review. In addition, the Supreme Court in *Resto* expressly held that the mandatory minimum sentencing provision for conviction of rape of a child did not violate the Sixth Amendment's prohibition against judicial factfinding. *Id.*

Instantly, Appellant is seeking post-conviction collateral relief beyond the one-year time bar. While *Alleyne* applies retroactively to cases on direct appeal when *Alleyne* was issued, *Alleyne* does not apply retroactively to cases on PCRA review, and does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016); *see also Commonwealth v. Miller*, 102 A.3d 988 (Pa. Super. 2014).[3]

_____

[3] In *Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018), the Supreme Court held that a petitioner serving an illegal sentence under *Alleyne* was not barred from relief when the relief was sought in a **timely** petition for post-conviction relief and the judgment of sentence was not final when the decision

Consistent with the foregoing, we agree with the PCRA court's conclusion that Appellant's "judgment of sentence, which became final on February 12, 2001, more than twelve years before **Alleyne** was decided, was neither illegal when imposed or now." PCRA Court Opinion, 8/2/19, at 11.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20

---

in **Alleyne** was announced; however, those circumstances are not present in this case.