J-S48025-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :          PENNSYLVANIA
               Appellee       :
                               :
                 v.           :
                               :
JEFFREY DANIELS            :
                               :
            Appellant     :         No. 3033 EDA 2019

Appeal from the PCRA Order Entered September 26, 2019
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0000344-2012

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.          **FILED:  DECEMBER 31, 2020**

Appellant, Jeffrey Daniels, appeals from the order entered in the Delaware County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm in part, but vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this case are as follows.  On February 21, 2013, a jury convicted Appellant of four counts of rape of a child (18 Pa.C.S.A. § 3121(c)), four counts of involuntary deviate sexual intercourse ("IDSI") of a child (18 Pa.C.S.A. § 3123(b)), four counts of aggravated indecent assault of a person less than 13 years old (18 Pa.C.S.A. § 3125(a)(7)), two counts of indecent assault of a person less than 13 years old

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

(18 Pa.C.S.A. § 3126(a)(7)), and two counts of endangering the welfare of a child (18 Pa.C.S.A. § 4304(a)(1)), in connection with Appellant's sexual offenses on his daughters between 2008-2009. The court sentenced Appellant on October 8, 2013, to an aggregate term of 30 to 60 years' imprisonment, plus 20 years' probation. Each of Appellant's sentences for rape of a child, IDSI of a child, and aggravated indecent assault of a person less than 13 years old, included a mandatory minimum sentence. This Court affirmed Appellant's judgment of sentence on October 28, 2014. *See Commonwealth v. Daniels*, 108 A.3d 124 (Pa.Super. 2014) (unpublished memorandum). Appellant did not seek further direct review.

On October 5, 2015, Appellant timely filed the current PCRA petition *pro se*. Appellant raised various claims of ineffective assistance of trial and appellate counsel, and alleged that each of the mandatory minimum sentences was illegal. The court appointed counsel on October 9, 2015. Following the grant of numerous extensions of time, counsel filed an amended PCRA petition on March 5, 2019. Counsel reiterated Appellant's illegal sentencing claims based on imposition of the mandatory minimum sentences, and maintained appellate counsel was ineffective for failing to raise the illegal sentencing issue on direct appeal. The court held a PCRA hearing on July 15, 2019.[2] On September 26, 2019, the court denied PCRA relief. Appellant timely filed a

_____

[2] The hearing was limited to argument from counsel.

notice of appeal on October 23, 2019. On November 12, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied.

Appellant raises two issues for our review:

> Whether the PCRA [c]ourt erred in ruling that Appellant did not present a timely *Alleyne* claim under the PCRA, relating to imposition of multiple, unlawful mandatory minimum sentences, because Appellant presented his *Alleyne* claim in a timely PCRA Petition and *Alleyne* was decided before his judgment of sentence became final[.] *See Alleyne v. United States*, [570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)]; [*Commonwealth*] *v. DiMatteo*, [644 Pa. 463, 177 A.3d 182 (2018)]?

> Whether the PCRA [c]ourt erred in failing to find that the mandatory minimum sentences imposed for Rape, IDSI and/or Aggravated Indecent Assault of a Child were illegal in light of *Alleyne* because the Pennsylvania Supreme Court has held that Section 9718 is unconstitutional in its entirety. *See* [*Commonwealth*] *v. Wolfe*, [636 Pa. 37, 140 A.3d 651 (2016)]?

(Appellant's Brief at 4).

In his issues combined, Appellant argues the court imposed illegal mandatory minimum sentences for Appellant's rape of a child, IDSI of a child, and aggravated indecent assault convictions because the *Wolfe* Court held that mandatory minimum sentences under 42 Pa.C.S.A. § 9718 (sentences for offenses against infant persons) are unconstitutional, non-severable, and void pursuant to the United States Supreme Court's decision in *Alleyne* (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond

reasonable doubt).  Appellant acknowledges that the Supreme Court purported to limit its holding in **Wolfe** in **Commonwealth v. Resto**, 645 Pa. 196, 179 A.3d 18 (2018), but Appellant contends **Resto** was a plurality decision and did not specifically overrule **Wolfe**, which remains binding precedent.  Even if **Resto** applies to his case, Appellant insists that holding would apply only to his mandatory minimum sentences for rape and aggravated indecent assault; imposition of the mandatory minimum sentences for his IDSI convictions would still be infirm.

Appellant further argues that an **Alleyne** challenge can be raised on collateral review in a timely PCRA petition, so long as the petitioner's judgment of sentence was not already final when **Alleyne** was decided.  Appellant avers the United States Supreme Court decided **Alleyne** on June 17, 2013, before his judgment of sentence became final, so Appellant's illegal sentencing claim is timely.  Appellant concludes the court imposed illegal mandatory minimum sentences in his case, and this Court must vacate and remand for a resentencing hearing.[3]  For the following reasons, we agree some relief is due.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error.  **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d

_____

[3] Appellant has abandoned his related ineffective assistance of counsel claim.

319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). "A PCRA court's legal conclusions, however, are reviewed *de novo*." ***Commonwealth v. Green***, 168 A.3d 173, 175 (Pa.Super. 2017), *appeal denied*, 646 Pa. 1, 183 A.3d 340 (2018).

At the time of Appellant's offenses and sentencing, Section 9718 of the Judicial Code provided the following mandatory minimum sentences for crimes against infant persons:

### § 9718. Sentences for offenses against infant persons

**(a) Mandatory sentence.—**

(1) A person convicted of the following offenses when the victim is under 16 years of age shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)—not less than two years.

18 Pa.C.S. § 3121(a)(1), (2), (3), (4) and (5) (relating to rape)—not less than ten years.

**18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than ten years**.

18 Pa.C.S. § 3125(a)(1) through (6) (relating to aggravated indecent assault)—not less than five years.

(2) A person convicted of the following offenses when the victim is less than 13 years of age shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 2702(a)(1)—not less than five years.

(3) A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:

**18 Pa.C.S. § 3121(c)** and (d)—**not less than ten years**.

**18 Pa.C.S. § 3125(a)(7)—not less than five years**.

18 Pa.C.S. § 3125(b)—not less than ten years.

\* \* \*

**(c) Proof at sentencing.**—The provisions of this section shall not be an element of the crime, and notice of the provisions of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S.A. § 9718(a), (c) (effective January 1, 2007 to August 17, 2014) (emphasis added).

The United States Supreme Court "rendered the **Alleyne** decision on June 17, 2013, and held that sentencing schemes which predicated the imposition of a mandatory minimum sentence on a fact found by the sentencing court, by a preponderance of the evidence, were unconstitutional." **DiMatteo, supra** at 469, 177 A.3d at 185. The language of Section 9718 specifying "that its provisions 'shall not be an element of the crime,' and that the applicability 'shall be determined at sentencing,' with factual matters being resolved by the sentencing court 'by a preponderance of the evidence'"

contravenes **Alleyne**. **Wolfe, supra** at 41, 140 A.3d at 653 (quoting 42 Pa.C.S.A. § 9718(c)).

In **Wolfe**, a jury convicted the defendant of numerous sexual offenses, including two counts of IDSI under Section 3123(a)(7), which makes it a felony of the first degree to engage in deviate sexual intercourse with a complainant less than 16 years old. The court imposed concurrent mandatory minimum ten-year sentences for the defendant's IDSI offenses under Section 9718(a)(1).

Our Supreme Court acknowledged that Section 9718's "proclamation that the age-of-the-victim factor is not an offense element is anomalous, since the victim's age is, in fact, encompassed within IDSI offenses under Section 3123(a)(7), under which [the defendant] was convicted." **Id.** at 41, 140 A.3d at 653-54. Nevertheless, the Court agreed with the defendant that, "under **Alleyne**, Section 9718 must be treated as creating a 'distinct and aggravated crime,'[;] that the statute's directive for judicial fact-finding attaches to that aggravated crime notwithstanding a jury verdict; and that sentencing judges are not free to disregard such explicit legislative mandates by substituting their own procedures." **Id.** at 53-54, 140 A.3d at 161 (citing **Alleyne, supra**).

Thus, although the defendant's jury had plainly decided the victim was under sixteen years of age by convicting him of IDSI under Section 3123(a)(7), "the sentencing court was bound to make its own determination at sentencing, **see** 42 Pa.C.S.A. § 9718(c), but it could not do so in a manner

consistent with the Sixth Amendment of the United States Constitution, on account of *Alleyne*." *Wolfe, supra* at 54, 140 A.3d at 661. In conclusion, the Court held that "Section 9718 is irremediably unconstitutional on its face, non-severable, and void." *Id.* at 56, 140 A.3d at 663.[4] *See also Commonwealth v. Sandusky*, 203 A.3d 1033, 1103-04 (Pa.Super. 2019), *appeal denied*, ___ Pa. ___, 216 A.3d 1029 (holding imposition of mandatory minimum sentences under Section 9718(a)(1) for appellant's IDSI convictions was illegal under *Alleyne* and *Wolfe*; therefore, appellant was entitled to remand for resentencing without application of any unlawful mandatory minimum sentences).

In *Resto, supra*, a jury convicted the defendant of various sexual offenses, including rape of a child under Section 3121(c). The court imposed a mandatory minimum ten years' imprisonment per Section 9718(a)(3). In an opinion announcing the judgment of the court ("OAJC"), Chief Justice Saylor recognized that Section 9718(a)(3) of the Judicial Code is unlike the preceding subsections because subsection (a)(3) requires no proof of any

---

[4] In her dissent, Justice Todd opined that when the fact that triggered the mandatory minimum sentence was an element of the underlying criminal offense, and the jury found that element of the underlying criminal offense beyond a reasonable doubt to convict the defendant of same, the defendant has been afforded the benefit of every constitutional right and the imposition of a mandatory minimum sentence does not implicate the protections announced in *Alleyne*. *Wolfe, supra* at 62-63, 140 A.3d at 666-67 (Todd, J., dissenting). In Justice Todd's opinion, a severability analysis is implicated "only where a statute reveals a constitutional (or other) infirmity" and is not required when there is no *Alleyne* violation. *Id.* at 67, 140 A.3d at 669-70.

predicate or aggravating facts. **Compare** 42 Pa.C.S.A. § 9718(a)(3) (stating: "A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows…") **with** 42 Pa.C.S.A. § 9718(a)(1) (stating: "A person convicted of the following offenses **when the victim is under 16 years of age** shall be sentenced to a mandatory term of imprisonment as follows…") (emphasis added). **Resto, supra** at 201, 179 A.3d at 20-21. Thus, the OAJC explained that while "Section 9718(c)'s prescription for 'proof at sentencing' may be awkward and, indeed, superfluous relative to the mandatory minimum sentence imposed by Section 9718(a)(3)—since no proof of any facts is required at sentencing under that provision—such idiosyncrasy has nothing to do with **Alleyne**." **Id.** at 202, 179 A.3d at 21. Regarding severability, the OAJC held that the unconstitutional provisions of Section 9718(a)(1) and (a)(2), which specify aggravating facts relative to other mandatory minimum sentences, could be severed from subsection (a)(3). **Id.** at 202-03, 179 A.3d at 21-22.

The OAJC conceded that "some passages of **Wolfe** [were] written in overbroad terms to the degree that they disapprove[d of] Section 9718 as a whole, when the Court was not considering the materially distinct operation of subsection (a)(3)." **Id.** at 204, 179 A.3d at 22. Thus, the OAJC explained that **Wolfe** should have stated more precisely that "Section 9718**(a)(1)** is irremediably unconstitutional on its face, Section 9718(c) is non-severable, and Section 9718(a)(1) is void." **Id.** at 204, 179 A.3d at 23 (emphasis in

original). Consequently, the OAJC held that a mandatory minimum sentence that attaches to a conviction enumerated in Section 9718(a)(3) and does not require the sentencing judge to determine an additional, aggravating fact, does not run afoul of *Alleyne* because the conviction, itself, is a contemporaneous jury determination of the facts that require the imposition of a mandatory minimum sentence. *Id.* at 201, 179 A.3d at 21.[5] *See also Commonwealth v. Widger*, 237 A.3d 1151, 1162-63 (Pa.Super. 2020) (holding imposition of mandatory minimum sentence per Section 9718(a)(3)[6] for appellant's aggravated indecent assault of child conviction under Section 3125(b) was not illegal because jury found, beyond reasonable doubt, all elements necessary to convict him of that offense; fact that triggered mandatory minimum sentence was appellant's conviction under Section 3125(b), and no additional aggravating fact needed to be determined by trial

_____

[5] In her concurrence, Justice Todd held that "the fact of a conviction, which triggered the mandatory minimum sentence under [Section] 9718(a)(3), was found by a jury beyond a reasonable doubt" and, therefore, the mandatory minimum sentence does not violate the defendant's constitutional rights. *Id.* at 206, 179 A.3d at 23 (Todd, J., concurring). In a separate concurrence, Justice Dougherty stated that "[t]he rule established in *Alleyne* is not violated when judicial fact-finding is not necessary prior to imposing a mandatory minimum sentence, regardless of whether the statutory provision at issue is accompanied by a [`]proof at sentencing['] provision like the one found at [Section] 9718(c)." *Id.* at 217, 179 A.3d at 30 (Dougherty, J., concurring).

[6] In *Widger*, this Court addressed the version of Section 9718 effective August 18, 2014 to December 17, 2019. *See Widger, supra* at 1162. The statutory language analyzed in *Widger* is substantially similar to the prior version applicable to Appellant's case.

court prior to imposing sentence; under ***Resto***, Section 9718(a)(3) is constitutional, and trial court had authority to impose 10-year mandatory minimum without violating appellant's constitutional rights).

Further, in ***DiMatteo, supra***, the Supreme Court confronted an ***Alleyne*** challenge raised on collateral review and explained:

> We are cognizant that Section 9543 [of the PCRA] specifically delineates the availability of relief and includes relief from "[t]he imposition of a sentence greater than the lawful maximum[;]" or "[a] proceeding in a tribunal without jurisdiction." [42 Pa.C.S.A.] § 9543(vii), (viii). However, the traditional view of sentence illegality claims was limited to either a sentence that exceeded that statutory maximum or one imposed by a court lacking jurisdiction. … That the PCRA speaks to addressing illegal sentences and specifically sentences exceeding the lawful maximum or imposed by a court without jurisdiction, does not preclude DiMatteo from obtaining relief from his unquestionably illegal sentence, as the legality of the sentence is always subject to review within the PCRA where, as here, the petition is timely. Because DiMatteo's sentence was rendered illegal before his judgment of sentence became final and he presented his claim in a timely petition for post conviction relief, he is entitled to have his illegal sentence remedied.

***DiMatteo, supra*** at 480-81, 177 A.3d at 192 (some internal citations omitted).

Instantly, the court sentenced Appellant on October 8, 2013, approximately four months **after** the United States Supreme Court issued ***Alleyne***. Appellant's judgment of sentence did not become final until November 27, 2014, upon expiration of the time for Appellant to seek discretionary review with our Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (explaining that for purposes of PCRA, judgment of sentence becomes final at

- 11 -

conclusion of direct review, including discretionary review in Supreme Court of United States and Supreme Court of Pennsylvania, or at expiration of time for seeking review); Pa.R.A.P. 1113 (explaining petition for allowance of appeal shall be filed with Prothonotary of Supreme Court within 30 days after entry of order of Superior Court sought to be reviewed).  As Appellant's judgment of sentence was not final (or even imposed) when the Supreme Court decided *Alleyne*, Appellant is able to raise his illegal sentencing claim in this timely filed PCRA petition.[7] *See DiMatteo, supra*.

Here, the court imposed the following mandatory minimum sentences: for each of Appellant's rape of a child convictions at Section 3121(c), the court imposed a mandatory minimum 10 years' imprisonment per Section **9718(a)(3)**; for each of Appellant's IDSI convictions at Section 3123(b), the court imposed a mandatory minimum 10 years' imprisonment per Section **9718(a)(1)**; and for each of Appellant's aggravated indecent assault convictions at Section 3125(a)(7), the court imposed a mandatory minimum five years' imprisonment per Section **9718(a)(3)**.

Although Appellant claims he should not be subject to the OAJC in *Resto*, we disagree with his assertion.  Regarding Appellant's mandatory

---

[7] Although the Commonwealth initially claimed Appellant could not raise his *Alleyne* challenge on collateral review, the Commonwealth now agrees the PCRA court had authority to review Appellant's illegal sentencing challenge. (*See* Commonwealth's Brief at 2 n.1, 8).

minimum sentences for rape of a child and aggravated indecent assault, imposed under Section 9718(a)(3), that subsection "requires no proof of any predicate or aggravating facts" and, therefore, does not implicate the protections afforded by *Alleyne*. *Resto, supra* at 201, 179 A.3d at 20-21.[8] Therefore, Appellant's mandatory minimum sentences for rape of a child and aggravated indecent assault are legal. *See id.*; *Widger, supra*.

With respect to Appellant's mandatory minimum sentences for IDSI imposed per Section 9718(a)(1), however, we agree with Appellant that relief is due. Unlike Section 9718(a)(3), subsection (a)(1) **does** require proof of a predicate or aggravating fact. *See* 42 Pa.C.S.A. § 9718(a)(1); *Resto, supra* at 201, 179 A.3d at 20-21. Consequently, as our Supreme Court held in

_____

[8] As this Court explained in *Widger*:

> The plurality's OAJC in *Resto*, although binding on the parties in that case, has limited precedential value on its own because it did not command the joinder of a majority of the justices participating in the case. Where concurring opinions enumerate the portions of the plurality's opinion in which the author joins, however, those portions in agreement gain precedential value. As the plurality's OAJC and the concurring opinions in *Resto* agree, Section 9718(a)(3) is severable from the remainder of the subsections of the statute and the mandatory minimum sentence imposed pursuant to Section 9718(a)(3), upon the jury's finding beyond a reasonable doubt that all of the elements of the crime charged have been established, does not violate [the defendant's] constitutional rights pursuant to *Alleyne*.

*Widger, supra* at 1163 n.8 (internal citation omitted).

- 13 -

***Wolfe*** and clarified in ***Resto***, imposition of the mandatory minimum sentences under Section 9718(a)(1) for Appellant's IDSI convictions is unconstitutional. ***See Resto, supra*** at 204, 179 A.3d at 23; ***Wolfe, supra*** at 56, 140 A.3d at 663; ***Sandusky, supra*** at 1103-04. Because our disposition might upset the trial court's overall sentencing scheme, we vacate the entire judgment of sentence and remand for resentencing. ***See Commonwealth v. Bartrug***, 732 A.2d 1287, 1289 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error on one count in multi-count case normally requires appellate court to vacate entire judgment of sentence so trial court can restructure its sentencing plan on remand).[9] We affirm the order denying PCRA relief in all other respects.

Order affirmed in part. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/20

---

[9] The Commonwealth contends resentencing is not required because the court imposed each of Appellant's IDSI sentences concurrently. Nevertheless, given the numerous offenses at issue in this case, the best resolution is to afford the court a resentencing hearing to the extent it wants to restructure the sentencing plan on remand. ***See id.***