J-S51029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD DONALD ATKINSON | : | |
| | : | |
| Appellant | : | No. 976 MDA 2020 |

Appeal from the PCRA Order Entered July 9, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000336-2015

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED FEBRUARY 17, 2021**

Todd Donald Atkinson appeals *pro se* from the order dismissing his Post

Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We

affirm based on the PCRA court's opinion.

The PCRA court aptly summarized the underlying facts:

> Atkinson was arrested on December 18, 2014, and charged
> with six counts of sexual abuse of children, child pornography, and
> one count of criminal use of communication facility.[1] This criminal
> prosecution arose from a September 5, 2014, undercover
> investigation by the Pennsylvania State Police into internet
> sharing of child pornography that led to a computer, the IP
> address of which traced back to Quiche Amour, LLC, at the home
> address of Atkinson.

> When Atkinson was arrested on these charges, he was on
> probation for two counts of indecent assault of a person less than
> 13 years of age, criminal solicitation for indecent assault of a
> person less than 13 years of age, endangering the welfare of

_____

[1] 18 Pa.C.S.A. §§ 6312(d), and 7512(a), respectfully.

children, corruption of minors, and indecent exposure, and is a registered Tier III Megan's Law offender.

* * *

A jury convicted Atkinson on all counts. He was ordered to undergo an assessment by the Sexual Offenders Assessment Board prior to sentencing. Atkinson was found to have not met the statutory criteria for sexually violent predator (SVP) status. On September 27, 2016, Atkinson was sentenced to 25 to 50 years of incarceration on each count of child pornography plus five years of probation for the charge of criminal use of communication facility. All sentences were to be served concurrently. No post-sentence motions were filed.

A direct appeal to the Superior Court of Pennsylvania was filed on October 26, 2016, and a three-judge panel of the Superior Court affirmed Atkinson's judgment of sentence in an unpublished memorandum opinion on January 17, 2018. *See **Commonwealth v. Atkinson**, 183 A.3d 1064 (Table) (Pa. Super. Jan. 17, 2018). *See also **Commonwealth v. Atkinson***, 2018 WL [460962] (Pa. Super. Jan. 17, 2018). A petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on June 22, 2018. **Commonwealth v. Atkinson**, 647 Pa. 24, 187 A.3d 912 (Table) (2018).

* * *

On August 12, 2019, Atkinson filed, *pro se*, a timely PCRA petition. In this petition, Atkinson challenges the legality of his mandatory minimum sentences in light of the United States Supreme Court's 2013 decision in **Alleyne v. United States**, 570 U.S. 99 (2013), and trial and appellate counsels' ineffectiveness in failing to raise the **Alleyne** violation. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Dennis C. Dougherty, Esquire, was appointed on August 16, 2019, to represent Atkinson on his collateral claims, and granted leave to file an amended petition within 60 days. Counsel requested a 60-day extension, which was granted on October 15, 2019.

On November 1, 2019, Atkinson filed a "Motion for Withdrawal of Appointed Counsel and to Proceed *Pro Se*," citing "irreconcilable conflict and difference of opinion on the manner in which this case should be litigated." Motion for Withdrawal at 2.

- 2 -

Following a **Grazier**[2] Hearing held via video-conference on March 16, 2020, Atkinson's motion to proceed *pro se* was granted, and Attorney Dougherty was granted leave to withdraw his appearance in this matter.

PCRA Ct. Op., 5/28/20, at 1-5 (footnotes omitted).

After denying a motion Atkinson filed regarding additional discovery, the PCRA court issued Rule 907 notice of intent to dismiss Atkinson's petition without a hearing, together with an opinion dated May 28, 2020. **See** Pa.R.Crim.P. 907. Atkinson filed a response, which the PCRA court treated as an amended PCRA petition. The PCRA court issued an order denying Atkinson's petition on July 7, 2020, based upon the reasoning set forth in its May 28, 2020 opinion. Atkinson filed a timely appeal and the PCRA court issued a Pa.R.A.P. 1925(a) opinion on July 20, 2020 relying on its earlier opinion.

Atkinson raises the following issues:

1. Does the sentence imposed of a mandatory minimum sentence of 25 to 50 years violate the **Apprendi**[3] and **Alleyne** Supreme Court decisions which are preserved and properly raised in [Atkinson's] PCRA petition and supplemental PCRA petitions?

2. Did the decision[] in **Commonwealth v. Muniz**, [] 164 A.3d 1189 (Pa. 2017) apply to [Atkinson's] case being he had a timely filed PCRA petition when **Muniz** was decided by the higher courts?

3. Did the trial court err by denying [Atkinson] an evidentiary hearing on the merits of his timely filed PCRA [petition] and should his case be remanded due to the illegal sentence imposed because of Judge based facts

---

2 **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

3 **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

not found by a jury beyond a reasonable doubt pursuant to **Appendi v. New Jersey**, (2000) and its progeny **Alleyne v. United States**, (2013)?

4. Is the mandatory minimum sentence imposed unconstitutional pursuant to **Apprendi** and **Alleyne** mandates, was trial counsel ineffective for failure to object to illegal and unconstitutional sentencing provisions imposed against [Atkinson]?

5. What statutes and provisions was [Atkinson] sentenced to and are these sentencing statutes and provisions unconstitutional and must they be vacated on remand?

6. Does the following case [law] apply to [Atkinson's] case and warrant a remand and vacating of the illegal sentence[:] **Commonwealth v. Wolfe**, 2014 Pa.Super. Lexis 4977 (2014); **Alleyne v. United States**, 133 S.Ct 2151 (2013); **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014); **Apprendi v. New Jersey**, (2000); **Commonwealth v. Golson** (Pa.Super[.] June 4, 2018); **Commonwealth v. Butcher**, 2019 Pa.Super unpub. LEXIS 2208; **Commonwealth v. Muniz**, . . . 164 A.3d 1189 (Pa. 2017)?

7. Does [Atkinson] deserve a "reduction of sentence" consistent with the recent decision in **Muniz** as offense grading had been downgraded?

8. Is [Atkinson's] sentence pursuant to 42 Pa.C.S.A. § 9799.14 illegal and subject to remand and resentencing due to the Sixth Amendment violation and unconstitutional statutes?

9. [Atkinson] was denied effective assistance of counsel due to counsel's failure to object to the unconstitutional minimum and maximum sentencing provisions when **Alleyne** was decided before [Atkinson's] sentencing? [sic]

10. Trial and sentencing counsel was ineffective for failing to object to the illegal sentence the court was imposing as clearly unconstitutional in light of Supreme Court ruling in **Alleyne** any "facts" that increases [sic] the minimum or maximum sentence must be charged in the

> information and submitted to the jury and proven beyond
> a reasonable doubt standard? [sic]

Atkinson's Br. at 5-7 (numbering and case italicization added).

"Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa.Super. 2011).

In this case, although he presents ten issues, Atkinson's claims all concern his contention that the trial court imposed an illegal sentence pursuant to ***Alleyne***.[4] He maintains that because the trial court imposed a mandatory minimum sentence for repeat sex offenders pursuant to 42 Pa.C.S.A. § 9718.2, his constitutional rights were violated. Likewise, he argues that his trial counsel was ineffective for failing to raise this issue.

The PCRA court found Atkinson's ***Alleyne*** claim lacked merit because the trial court sentenced him based upon his prior convictions. "***Alleyne*** held

---

[4] Atkinson's *pro se* brief fails to comply with the Pennsylvania Rules of Appellate Procedure because he presents all argument in one section instead of separate sections for each issue. ***See*** Pa.R.A.P. 2119(a) (stating that the argument section of the parties' briefs "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctly displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). Nevertheless, because the failings of Atkinson's brief do not hamper our review, we decline to find his issues waived. However, to the extent that Atkinson attempts to present other, unrelated arguments for the first time in his appellate brief, we find these thinly developed issues waived. ***See*** Pa.R.A.P. 302(a); ***Commonwealth v. Murchinson***, 899 A.2d 1159, 1162-63 (Pa.Super. 2006) (stating appellant waives issues under Rule 2119(a) where appellant does not develop meaningful argument with specific references to relevant case law and the record to support claims).

that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." ***Commonwealth v. Washington***, 142 A.3d 810, 812 (Pa. 2016) (citation omitted). However, "[p]rior convictions are the remaining exception to ***Apprendi*** . . . and ***Alleyne*** . . . insofar as a fact finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right." ***Commonwealth v. Golson***, 189 A.3d 994, 1002 (Pa.Super. 2018) (citations omitted) (upholding imposition of 25 to 50 year mandatory minimum pursuant to Section 9718.2 based upon a prior conviction).

After a review of the parties' briefs, the certified record, and the relevant law, we find no error in the trial court's analysis. The PCRA court properly found, in its May 28, 2020 opinion, that Atkinson's issue lacked merit because the trial court sentenced him to a mandatory minimum sentence, under Section 9718.2 of the sentencing code, due to past convictions. Thus, we affirm based on the well-reasoned opinion of the Honorable David L. Ashworth. ***See*** PCRA Ct. Op. at 6-8.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021

- 6 -

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**C R I M I N A L**

COMMONWEALTH OF PENNSYLVANIA  :
                          :
           v.              :        No. 0336-2015
                          :
TODD DONALD ATKINSON     :

OPINION

BY:   ASHWORTH, P.J., MAY 28, 2020

Todd Donald Atkinson has filed, *pro se*, a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. For the reasons set forth below, Atkinson is being notified pursuant to section 907 of the PCRA that this petition will be dismissed in 30 days without a hearing.[1]

## I.   Background

Atkinson was arrested on December 18, 2014, and charged with six counts of sexual abuse of children, child pornography, and one count of criminal use of communication facility.[2] This criminal prosecution arose from a September 5, 2014, undercover investigation by the Pennsylvania State Police into internet sharing of child pornography that led to a computer, the IP address of which traced back to Quiche Amour, LLC, at the home address of Atkinson.

---

[1] Under Rule 907 of the Pennsylvania Rules of Criminal Procedure, a PCRA court may dispose of post conviction collateral relief petitions without a hearing if it is satisfied after reviewing the materials submitted that no genuine issues of material fact exist and that the petitioner is not entitled to post conviction relief. Pa.R.Crim.P. 907(1).

[2] 18 Pa.C.S.A. § 6312(d), and 18 Pa.C.S.A. § 7512(a), respectively.

When Atkinson was arrested on these charges, he was on probation for two counts of indecent assault of a person less than 13 years of age, criminal solicitation for indecent assault of a person less than 13 years of age, endangering the welfare of children, corruption of minors, and indecent exposure,[3] and is a registered Tier III Megan's Law offender.[4]

On June 25, 2015, Atkinson filed an omnibus pre-trial motion seeking to suppress certain evidence seized by the police during the execution of a search warrant at Atkinson's home, as well as statements made by Atkinson to the police at that time.[5] Atkinson further sought to suppress all evidence resulting from the search of a business property belonging to Atkinson's wife, on the basis that the consent given by his wife for the search was not voluntarily. Following a hearing on November 4, 2015, separate orders were entered on November 30, 2015, denying the suppression motion and motion *in limine* after finding that (1) there was sufficient probable cause for the warrant for the search of Atkinson's home, (2) Atkinson's statement regarding past viewing of child pornography in the home was not the result of custodial interrogation, and (3) Atkinson's wife's consent to the search of her business was voluntary.

On the first day of trial in April 2016, scheduled before the Honorable James P. Cullen, now retired, Atkinson filed motions to reopen the suppression hearing and to

---

[3]18 Pa.C.S.A. § 3126(a)(7), 18 Pa.C.S.A. § 902(a), 18 Pa.C.S.A. § 4304(a)(1), 18 Pa.C.S.A. § 6301(a)(1), and 18 Pa.C.S.A. § 3127(a), respectively.

[4]42 Pa.C.S.A. § 9799.14(d).

[5]On the same date, June 25, 2015, Atkinson also filed a motion *in limine* to exclude the statements made by Atkinson to the police during the execution of a search warrant that he had viewed child pornography in the past.

exclude his statement about viewing child pornography in the past. Judge Cullen denied these motions, and trial commenced. A jury convicted Atkinson on all counts. He was ordered to undergo an assessment by the Sexual Offenders Assessment Board prior to sentencing. Atkinson was found to have not met the statutory criteria for sexually violent predator (SVP) status. On September 27, 2016, Atkinson was sentenced to 25 to 50 years of incarceration on each count of child pornography[6] plus five years of probation for the charge of criminal use of communication facility. All sentences were to be served concurrently. No post-sentence motions were filed.

A direct appeal to the Superior Court of Pennsylvania was filed on October 26, 2016, and a three-judge panel of the Superior Court affirmed Atkinson's judgment of sentence in an unpublished memorandum opinion on January 17, 2018.[7] *See* **Commonwealth v. Atkinson**, 183 A.3d 1064 (Table) (Pa. Super. Jan. 17, 2018). *See also* **Commonwealth v. Atkinson**, 2018 WL 4460962 (Pa. Super. Jan. 17, 2018). A petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on June 22, 2018. **Commonwealth v. Atkinson**, 647 Pa. 24, 187 A.3d 912 (Table) (2018). Atkinson was represented during his pre-trial, trial and appeal by privately-retained counsel, M. Alexandra Bradley, Esquire, and Adam W. Bompadre, Esquire, from the West Chester, Pennsylvania firm of Lee A. Ciccarelli, P.C.

---

[6]This was the mandatory minimum sentence for a second offense pursuant to 42 Pa.C.S.A. § 9718.2(a)(1). For sentencing purposes, under 42 Pa.C.S.A. § 9799.14(6), (14), Atkinson's prior conviction under 18 Pa.C.S.A. § 3126(a)(7) and his convictions under 18 Pa.C.S.A. § 6312(d) constituted tier one sexual offenses. *See* **Commonwealth v. Colon-Plaza**, 136 A.3d 521 (Pa. Super. 2016).

[7]Atkinson raised just one issue on appeal: whether the court erred in denying his motions *in limine* and admitting, over defense objection at trial, Atkinson's statement that he had viewed child pornography in the past.

3

On August 12, 2019, Atkinson filed, *pro se*, a timely[8] PCRA petition. In this petition, Atkinson challenges the legality of his mandatory minimum sentences in light of the United States Supreme Court's 2013 decision in **Alleyne v. United States**, 570 U.S. 99 (2013),[9] and trial and appellate counsels' ineffectiveness in failing to raise the **Alleyne** violation. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, Dennis C. Dougherty, Esquire, was appointed on August 16, 2019, to represent Atkinson on his collateral claims, and granted leave to file an amended

---

[8]For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review, which includes discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking such review. 42 Pa.C.S.A. § 9545(b)(3). *See also* **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. Super. 2012). A petitioner who seeks review in the U.S. Supreme Court has 90 days to do so after the Pennsylvania Supreme Court enters an order denying relief. **Commonwealth v. Monaco**, 996 A.2d 1076, 1081 n.2 (Pa. Super. 2010); U.S. Sup.Ct.R. 13 (providing "[a] petition for writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review."). *See also* **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (statute of limitations for filing petition for post conviction relief did not begin to run until defendant's period for filing petition for *certiorari* in the United States Supreme Court lapsed).

As noted above, Atkinson's judgment of sentence was affirmed by the Superior Court on January 17, 2018, and his petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on June 22, 2018. Pursuant to section 9545(b)(3), Atkinson's judgment of sentence became final for PCRA purposes 90 days later – on or about September 17, 2018 – when the time expired for Atkinson to file a petition for *certiorari* with the Supreme Court of the United States. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13. Accordingly, Atkinson had one year from September 17, 2018, in which to file a timely PCRA petition. His petition was filed on August 12, 2019 and, thus, is timely.

[9]In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 570 U.S. at 102. Owens' mandatory minimum sentences were imposed pursuant to sections 7508 and 6317 of the Crimes Code, which have been deemed unconstitutional pursuant to **Alleyne**. *See* **Commonwealth v. DiMatteo**, 644 Pa. 463, 478, 177 A.3d 182, 191 (2018) (holding 42 Pa.C.S.A. § 7508 unconstitutional because it allowed a judge to increase a sentence for conviction of drug offenses based on the weight and classification of the controlled substance); **Commonwealth v. Hopkins**, 632 Pa. 36, 55-56, 117 A.3d 247, 258-59 (2015) (holding 42 Pa.C.S.A. § 6317 unconstitutional because it allowed a judge to increase a sentence for conviction of drug offenses based on the occurrence of the offense within 1,000 feet of a school).

4

petition within 60 days.  Counsel requested a 60-day extension, which was granted on October 15, 2019.

On November 1, 2019, Atkinson filed a "Motion for Withdrawal of Appointed Counsel and to Proceed *Pro Se*," citing "irreconcilable conflict and difference of opinion on the manner in which this case should be litigated."  Motion for Withdrawal at ¶ 2. Following a **Grazier**[10] Hearing held via video-conference on March 16, 2020,[11] Atkinson's motion to proceed *pro se* was granted, and Attorney Dougherty was granted leave to withdraw his appearance in this matter.

On November 18, 2019, Atkinson filed, *pro se*, a "Motion for Discovery Pursuant to Pa.R.Cr.P. 573(B)."  This motion was originally stayed pending the scheduled **Grazier** hearing.  On March 16, 2020, Atkinson's motion for PCRA discovery was denied, pursuant to Pa.R.Crim.P. 902(E)(1).[12]

---

[10]**Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998) (when a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination must be made that the waiver is a knowing, intelligent and voluntary one).

[11]The hearing was originally scheduled for January 9, 2020, but had to be rescheduled due to video problems at SCI-Forest.

[12]Under Rule 902(E)(1), which applies in all cases except on the first counseled petition in a death penalty case, "no discovery shall be permitted at any stage of the [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Neither the PCRA nor the Rules of Criminal Procedure define the term "exceptional circumstances." **Commonwealth v. Frey**, 41 A.3d 605, 611 (Pa. Super. 2012). Rather, it is for the trial court, in its discretion, to determine whether a case is exceptional and warrants discovery. Id. *See also* **Commonwealth v. Watley**, 153 A.3d 1034, 1048 (Pa. Super. 2016). Here, Atkinson's discovery requests failed to meet the burden of demonstrating exceptional circumstances. He made only the bald assertion that "[t]he material requested records[] are very important and necessary, pertinent of pending appeals in Federal Court." Motion for Discovery at ¶ 2. He failed to demonstrate how the requested documents were exculpatory, or why the discovery requests were exceptional. As the five issues raised in this PCRA petition relate to the legality of his mandatory minimum sentences in light of **Alleyne**, the requested discovery simply has no bearing on this case.

## II.     Discussion

Atkinson claims in the instant PCRA petition that the court imposed unconstitutional mandatory sentences for his sexual abuse of children, child pornography convictions and that he should be granted relief since this legality-of-sentence issue is cognizable under the PCRA.[13] He further contends all prior counsel were ineffective in failing to challenge his illegal sentence.

In **Alleyne**, the United States Supreme Court established that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 102.

> Applying **Alleyne**, the courts of this Commonwealth have determined our mandatory minimum sentencing statutes are unconstitutional where the language of those statutes 'permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence' standard.

**Commonwealth v. Golson**, 189 A.3d 994, 1000 (Pa. Super. 2018) (*citing*

**Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. 2014)).

The United States Supreme Court, however, has recognized a narrow exception to this rule.  Prior convictions, by their very nature, already result from the submission of facts to a factfinder under the beyond-a-reasonable doubt standard.  As our Superior Court noted in **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014):

---

[13]Issues pertaining to **Alleyne** go directly to the legality of the sentence and are cognizable. **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa. Super. 2014). Retroactivity is not an impediment here where Atkinson's sentence of September 27, 2016, was imposed *after* **Alleyne** was decided, and Atkinson filed a timely PCRA petition. *See* **Commonwealth v. Rulz**, 131 A.3d 54, 59-60 (Pa. Super. 2015) (a defendant can raise an **Alleyne** challenge in a timely PCRA petition so long as his judgment of sentence was not yet final when **Alleyne** was decided on June 17, 2013).

6

> The [United States] Supreme Court's decision in **Almendarez–Torres v. United States**, 523 U.S. 224 ... (1998)[,] held that the fact of a prior conviction does not need to be submitted to the jury and found beyond a reasonable doubt. Id. at 246.... **Alleyne** explicitly noted that **Almendarez–Torres** remains good law. *See* **Alleyne**, *supra* at [111] n.1 (stating, "[i]n **Almendarez–Torres**, we recognized a narrow exception ... for the fact of a prior conviction").

Id. at 995 n.5. Accordingly, mandatory-minimum sentences based on prior convictions inherently satisfy the requirements of **Alleyne**. *See* **Golson**, *supra* at 999-1000 (upholding imposition of mandatory 25 to 50 year mandatory minimum pursuant to Section 9718.2 based upon a prior conviction); *see also* **Commonwealth v. Resto**, 645 Pa. 196, 201 n.1, 179 A.3d 18, 21 n.1 (2018) (plurality) (noting that "under prevailing federal jurisprudence, [previous] convictions are not treated as a type of fact implicating **Alleyne**"); **Commonwealth v. Bragg**, 133 A.3d 328, 333 (Pa. Super. 2016), *affirmed*, 642 Pa. 13, 169 A.3d 1024 (2017) (*per curiam*) (acknowledging that the United States Supreme Court has recognized a "narrow exception" to **Alleyne** for prior convictions).

Atkinson was sentenced pursuant to section 9718.2 of the Sentencing Code which provides for a 25-year mandatory minimum sentence for repeat sex offenders. Section 9718.2(a) states:

> **(a) Mandatory sentence.--**
> (1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had *previously been convicted of an offense* set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third

7

conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S.A. § 9718.2 (emphasis added). The fact that can trigger the mandatory-minimum sentence set forth in Section 9718.2(a)(1) is a prior conviction. Accordingly, Section 9718.2(a)(1) can never run afoul of **Alleyne**.

Atkinson does not dispute that he was convicted previously of qualifying offenses under this statute, specifically, indecent assault of a person less than 13 years of age and corruption of minors.[14] Accordingly, Atkinson was subject to mandatory sentences as a repeat offender. His sentence is not illegal and does not violate **Alleyne**.

In his second issue, Atkinson avers that all prior counsel rendered ineffective assistance in failing to challenge the legality of Atkinson's sentences pursuant to **Alleyne**. The underlying claim lacks merit for the reasons discussed above, in connection with Atkinson's first issue. Thus, trial and appellate counsel cannot be deemed ineffective for failing to raise this issue. *See* **Commonwealth v. Treiber**, 632 Pa. 449, 466, 121 A.3d 435, 445 (2015) (stating that "counsel cannot be deemed ineffective for failing to raise a meritless claim").

## III. Conclusion

For the reasons set forth above, Todd Donald Atkinson's *pro se* petition for post conviction relief will be dismissed, without a hearing, in 30 days, during which time Atkinson may file an amended petition or otherwise respond to this Rule 907 Notice.

Accordingly, I enter the following:

---

[14]18 Pa.C.S.A. § 3126(a)(7), and 18 Pa.C.S.A. § 6301(a)(1), respectively.

8

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
# C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA  :
                                       :

        v.                    :       No. 0336-2015

                                         :

TODD DONALD ATKINSON      :

## Pa. R.CRIM.P. 907 NOTICE

TO:   TODD DONALD ATKINSON            Date:   MAY 28, 2020

You are hereby advised that, after a review of your *pro se* PCRA Petition and the matters of record relating to your claims, your request for post-conviction relief will be denied without further proceedings, in 30 days from the date of this Notice, for the following reasons:

1.     There are no genuine issues concerning any material fact;

2.     You are not entitled to post-conviction collateral relief; and

3.     No purpose would be served by any further proceedings.

**If you wish to file an amended petition or to otherwise respond to this Notice, you must do so within 30 days of the date of this Notice.**

BY THE COURT:

DAVID L. ASHWORTH
PRESIDENT JUDGE

LANCASTER COUNTY, PA
2020 MAY 28 AM 10: 07
CLERK OF COURTS

Copies to:   Mari L. Andracchio, Assistant District Attorney
                Todd Donald Atkinson, #MS 0675, SCI-Forest, P.O. Box 307, 286
                Woodland Drive, Marienville, PA 16239-0307

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CRIMINAL**

COMMONWEALTH OF PENNSYLVANIA    :

    v.                   :      No. 0336-2015

TODD DONALD ATKINSON        :

## ORDER

AND NOW, this 7th day of July, 2020, upon consideration of Todd Donald Atkinson's "Objection and Response to 907 Intent to Dismiss PCRA Petition and Alleyne Challenge", which the Court deems an Amended Petition for Relief Pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46, and for the reasons set forth in this Court's Opinion of May 28, 2020, it is hereby ORDERED that Petitioner's Amended PCRA Petition is DENIED without a hearing.

Pursuant to Pa.R.Crim.P. 908(E), this Court advises Petitioner that he has the right to appeal from this Order. Petitioner shall have 30 days from the date of this final Order to appeal to the Superior Court of Pennsylvania. Failure to appeal within 30 days will result in the loss of appellate rights.

It is further ORDERED that Petitioner shall have the right, if indigent, to appeal *in forma pauperis*.

BY THE COURT:

DAVID L. ASHWORTH
PRESIDENT JUDGE

CLERK OF COURTS
2020 JUL -7 PH 2: 52
LANCASTER COUNTY, PA